# Gzj kdkv"

# E"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CELESTINE ANYANKA,** | § | |
| **VERONICA ANYANKA** | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | **CIVIL ACTION:** |
| | § | _3:24-cv-2267_ |
| **v.** | § | |
| | § | |
| | § | |
| **CAPITAL FUND REIT, LLC** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

**INDEX OF DOCUMENTS FILED IN STATE COURT**

| Exhibit | Title | Date |
|---|---|---|
| C-1 | Plaintiff's Original Petition; | 08/29/2024 |
| C-2 | Proposed Temporary Restraining Order; | 08/30/2024 |
| C-3 | Signed Temporary Restraining Order; | 08/30/2024 |
| C-4 | Issue Notice – Capital Fund REIT, LLC; | 08/30/2024 |
| C-5 | Certificate of Counsel; | 08/30/2024 |
| C-6 | First Original Answer of CAPITAL FUND REIT, LLC; | 09/04/2024 |
| C-7 | Docket Sheet and List of Transactions. | 09/04/2024 |

***Respectfully Submitted,***

JACK O'BOYLE & ASSOCIATES


  */s/ Travis H. Gray*
Travis H. Gray
SBN: 24044965
travis@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653
F: 972.247.0642
*ATTORNEYS FOR DEFENDANT*
*CAPITAL FUND REIT, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true, correct and complete copy of the foregoing document has been

served in accordance with the Federal Rules of Civil Procedure on September 4, 2024 to:

Ryan Daniel
RYAN DANIEL LAW
SBN:  24090604
1525 US Hwy 380, Suite 500 #102
FRISCO, TX 75033
P: 469.688.0621
E: ryan@ryandaniellaw.com
COUNSEL FOR PLAINTIFFS
CELESTI   ANYANKA,   VERONICA
ANYANKA

*/s/ Travis H. Gray*
Travis H. Gray

# Exhibit

# C-1

FILED
6/29/2024 1:59 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Phyllis Vaughn DEPUTY

DC-24-13815

Cause No. _____

| | | |
|---|---|---|
| CELESTI ANYANKA and, | § | IN THE DISTRICT COURT |
| VERONICA ANYANKA | § | |
| | § | |
| | § | 162nd |
| Plaintiffs, | § | |
| V. | § | NO. _____ OF |
| | § | |
| | § | |
| CAPITAL FUND REIT, LLC | § | |
| | § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Celesti Anyanka, ("Plaintiff(s)"), and serves this, the Original Verified Petition against Capital Fund REIT, LLC ("Defendant(s)"), and in support thereof, would respectfully show the Court as follows:

I.
Discovery Level

1. Discovery of this matter shall be conducted pursuant to Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

II.
Parties

2. CELESTI and VERONICA ANYANKA are the owners of the property located 3944 & 3946 Queens Ct., Garland, Texas 75043 and may receive all correspondence and filings via their attorney of record herein.

3. Defendant Capital Fund REIT, LLC is a banking, mortgage lending, and servicing corporation and is located at 14555 N. Scottsdale Rd., Suite 200, Scottsdale, AZ 85254. Defendant regularly does business in Texas. **Defendant may be served by serving the secretary of state as it does not appear to have a registered agent in Texas.**

III.

Venue

4.  Venue is proper in DALLAS County, Texas, as that all or a substantial part of the events or omissions giving rise to the claim occurred in DALLAS County, Texas and it involves real property located in DALLAS County, Texas.  Tex. Civ. Prac. & Rem. Code §15.002(a) and §15.011.

IV.

Facts

5.  Celesti Anyanka is the owner of the property located at 3944 & 3946 Queens Ct., Garland, Texas 75043 (hereinafter referred to as the "Property"). Celesti Anyanka purchased the Property in September 2022 using a one-year hard money loan, with the intention of refinancing the Property within that year with a long-term loan.

6.  Celesti Anyanka is a disabled veteran and serves as a neurosurgery registered nurse at Parkland Health.

7.  This duplex represents Mr. Anyanka's third investment property. He has previously managed two other properties financed through hard money loans without encountering the difficulties experienced with the current loan.

8.  The difficulties with the current loan are attributed to the lender's errors in accounting. These accounting errors are evident from the lender's own records. Consequently, the lender's collection department has informed potential refinance companies that Mr. Anyanka has been delinquent for over 12 months, which is inaccurate.

9.  Mr. Anyanka did not contest these errors earlier due to the demands of his full-time RN position at Parkland Health and a desire to avoid disruptions. He intended to address the errors upon successful refinancing of the Property.

2

10. Mr. Anyanka did not anticipate that delaying action on these errors would result in the current predicament.

11. Mr. Anyanka successfully obtained extensions on the one-year maturity date and consistently made payments in full and on time. He assumed this pattern would continue until refinancing was secured. The only missed payment in the past 12 months was the payment due on August 1st, which was rejected due to the loan entering foreclosure.

12. Mr. Anyanka was unaware of a legal violation regarding the non-receipt of monthly statements and a coupon book until advised by his attorney. He has not received any monthly statements or a coupon book from the lender or any servicer since the third month of the loan.

13. Regarding the foreclosure process, Mr. Anyanka received the foreclosure auction notice via regular mail but did not receive it via certified mail. He also did not receive any notice to pick up certified mail or to reschedule the auction, suggesting that the lender failed to adhere to proper notification procedures.

14. Additionally, although Mr. Anyanka's wife's name appears on certain loan documents, including the Verification of Debt, she did not receive a notice of foreclosure. Texas Property Code Section 51.002(b)(3) mandates that written notice of the sale must be served by certified mail on each debtor obligated to pay the debt, which includes Mr. Anyanka's wife.

15. Despite including Mr. Anyanka's wife on loan documents and being aware of community property laws, the lender failed to obtain a specific and separate agreement signed by Mr. Anyanka's wife to confirm that the Property is considered separate property, as required by Texas law.

3

16. As a result, the lender is alleged to have violated Texas Property Code Section 51.002 and is proceeding with an illegal foreclosure auction.

17. Given that the lender is a small hard money lender, it is presumed that their aim is to foreclose on the Property, potentially acquiring the $100,000 in equity through a strike-off at the auction.

18. The Property is valued at approximately $450,000 with an outstanding debt of approximately $350,000. Thus, Mr. Anyanka's equity in the Property is approximately $100,000, which is at risk of being forfeited due to the foreclosure.

19. Mr. Anyanka seeks to retain the equity in the Property and prevent a foreclosure from negatively impacting his credit.

20. Should the foreclosure proceed without postponement, Mr. Anyanka will suffer irreparable harm, including the loss of title to the Property, a foreclosure record on his credit history, and the likely forfeiture of all accrued equity.

21. This is Mr. Anyanka's first request for a temporary restraining order to halt the foreclosure proceedings. Ms. Chigidji has never before applied for a temporary restraining order to stop a foreclosure.

V.
Bond

22. Plaintiff is prepared to post a reasonable cash bond and requests that it be set to $100.00 because the equity in the property is the true security for the Defendant.

4

VI.
Causes of Action

**A.    *Temporary Restraining Order and Injunctive Relief***

23. Defendants, by foreclosing on the Property will cause Plaintiff to suffer imminent harm and irreparable injury and must be stopped by a temporary restraining order and ultimately a permanent injunction.

24. It is essential that the Court immediately and temporarily restrain Defendants from foreclosing on the Property, scheduled for sale on September 3rd, 2024. It is essential that the court act immediately, prior to notice on Defendants and a hearing on the matter, as the date of the foreclosure sale is imminent and no amount of money will adequately compensate Plaintiff for the loss of the Residence.

25. For the reasons stated in this pleading, Plaintiff requests that, after final trial of this matter, the Court permanently enjoin Defendants from continuing to violate Plaintiff's rights by ceasing and desisting all foreclosure activity.

26. As shown by the facts plead herein, Plaintiff has a probable right to relief against Defendants because:

   a.   1.) Defendant violated section 51.002 of the Texas Property Code, including that the lender or lender's servicer did not mail, via certified mail, the notice of acceleration to Plaintiff;

   b.   2.) Defendant violated the periodic statement rule by not sending out any monthly statements in any format after the first three were sent to the Plaintiff;

   c.   3. Defendant further violated section 51.002 of the Texas Property Code by not providing notice of the foreclosure auction to all known borrowers; and

    d.  <u>4.) Defendant further breached its contract with the Plaintiff by failing to correctly</u>
    <u>account for all payments made.</u>

**B.  *Breach of Contract - Violation of the Texas Property Code Sec. 51.002 requirement to send***
    ***the Notice of Acceleration via certified mail.***

27. All facts and allegations set forth above are incorporated by reference herein for all purposes.

28. The power of acceleration is a harsh remedy and calls for close scrutiny. *See Vaughan v. Crown*
*Plumbing & Sewer Serv., Inc.,* 523 S.W.2d 72, 75 (Tex. Civ. App. – Houston (1st Dist.) 1975,
writ ref'd n.r.e.). The exercise of the right of acceleration requires two acts: (1) notice of intent
to accelerate, and (2) notice of acceleration. *Shumway v. Horizon Credit Corp.,* 801 S.W.2d
890, 892 (Tex. 1991); and see *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562,
569–570 (Tex. 2001). Both notices must be "clear and unequivocal". *Id.* at 893 and 566.
Finally, whether the right of acceleration was exercised is a fact question. *Holy Cross Church*
*of God v. Wolf* at 568.

29. Under Texas Property Code Chapter 51 any debtor who, according to the records of the
mortgage servicer, is obligated to pay the debt must be served with a valid and correct written
notice to cure and notice of the trustee's sale by certified mail. See *Tex. Prop. Code* § 51.002.

30. Failure to give the required notices is sufficient to cause a court to set aside the foreclosure
sale. See *Bauder v. Alegria*, 480 S.W.3d 92, 98 & n.8 (Tex. App.—Houston [14th Dist.] 2015,
no pet.); *Shearer v. Allied Live Oak Bank,* 758 S.W.2d 940, 942 (Tex. App.—Corpus Christi
1988, writ denied). *Bauder v. Alegria,* 480 S.W.3d 92, 97–98 & n.8 (Tex. App.—Houston
[14th Dist.] 2015, no pet.) (when notice to cure and notice of foreclosure were sent to wrong
address, trial court properly set aside foreclosure sale).

31. In the case at hand, the documents and the law requires the lender or servicer to send a notice of acceleration via certified mail, yet to the best of Plaintiff's knowledge and memory, no such notice was sent.

32. Therefore, because notice of acceleration was not sent to the Plaintiff via certified mail, Plaintiff seeks declaratory relief that Defendant/Lender is not entitled to foreclose and requests that this court grant the request for a Temporary Restraining Order.

C. *Violations of the Truth in Lending Act – Periodic Statements Not Mailed to Plaintiff*

33. All facts and allegations set forth above are incorporated by reference herein for all purposes.

34. The Federal Truth in Lending Act (regulation z) under section 1026.41 "Periodic Statements for Residencial Mortgage Loans", subsection (a)(2) provides that "A servicer of a transaction subject to this section shall provide the consumer, for each billing cycle, a periodic statement meeting the requirements of paragraphs (b), (c), and (d) of this section."

35. Under 12 U.S.C.§2605 (f), Regulation Z 24 C.F.R.§ 3500, if the servicer fails to take one of the required actions within the time limit, a borrower may recover:

   a.  any actual damages suffered by the borrower

   b.  if there is a pattern or practice of servicer noncompliance, additional damages not to exceed $2000, and

   c.  attorneys' fees and costs. 12 U.S.C.§§ 2605[f][3].

36. As testified to here in these verified facts, Plaintiffs never received a monthly mortgage statement after the third month.  Had Defendants sent the required statements, the accounting issues mentioned below could likely have been avoided since there would have been a monthly record sent and kept of the status of the loan, which would have also acted as a monthly reminder to the Plaintiff that the accounting of his loan was incorrect.

37. Plaintiffs assert that defendant has violated the Truth in Lending Act causing Plaintiff to suffer actual and statutory damages and request that the court award the maximum amount of damages allowed under the law, and post-pone the September 3rd, 2024 foreclosure to keep the status quo while this and the other issues herein are being litigated.

**D. Breach of Contract - Violation of the Texas Property Code Sec. 51.002(b)(3) requirement to serve the Notice of Acceleration "... on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt."**

38. All facts and allegations set forth above are incorporated by reference herein for all purposes.

39. The power of acceleration is a harsh remedy and calls for close scrutiny. *See Vaughan v. Crown Plumbing & Sewer Serv., Inc.,* 523 S.W. 2d 72, 75 (Tex. Civ. App. – Houston (1st Dist.) 1975, writ ref'd n.r.e.). The exercise of the right of acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. *Shumway v. Horizon Credit Corp.,* 801 S.W.2d 890, 892 (Tex. 1991); and see *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 569–570 (Tex. 2001). Both notices must be "clear and unequivocal". *Id.* at 893 and 566. Finally, whether the right of acceleration was exercised is a fact question. *Holy Cross Church of God v. Wolf* at 568.

40. Under Texas Property Code Chapter 51 any debtor who, according to the records of the mortgage servicer, is obligated to pay the debt must be served with a valid and correct written notice to cure and notice of the trustee's sale by certified mail. See *Tex. Prop. Code §* 51.002(b)(3).

41. Failure to give the required notices is sufficient to cause a court to set aside the foreclosure sale. See *Bauder v. Alegria*, 480 S.W.3d 92, 98 & n.8 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Shearer v. Allied Live Oak Bank,* 758 S.W.2d 940, 942 (Tex. App.—Corpus Christi

1988, writ denied). *Bauder v. Alegria,* 480 S.W.3d 92, 97–98 & n.8 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (when notice to cure and notice of foreclosure were sent to wrong address, trial court properly set aside foreclosure sale).

42. In the case at hand, the lender/servicer was well aware that Plaintiff was married and was aware of the name of his wife as evidence by the Verification of Mortgage it provided to the Plaintiff.

43. The Defendant apparently attempted to get around this requirement by including what can be described as "attempted magic language" in the deed of trust, after the name of the Plaintiff, which is "a married man as his sole and separate property".

44. However, they had the responsibility to be aware of Texas Community Property Laws, which requires a specific and separate agreement between the borrower and the lender that clearly states that this property is the borrower's separate property and debt.

45. The second issue under Texas Community Property law is that the spouse must also sign off on the document that states the property is indeed separate property, otherwise the spouse could later successfully claim the property is part of the community estate, which would necessitate that the debt also be a part of the community estate.

46. Plaintiffs assert that defendant has violated the Texas Property Code and for a second time in this fact pattern, and request that the court award the maximum amount of damages allowed under the law, and post-pone the September 3rd, 2024 foreclosure to keep the status quo while this and the other issues herein are being litigated.

E. ***Breach of Contract – Failure to adhere to the terms of the mortgage agreement by failing to correctly account for Plaintiff's payments.***

47. All facts and allegations set forth above are incorporated by reference herein for all purposes.

48. In the case of Strobach v. WesTex Community Credit Union, 621 S.W.3d 856 (2021)) the plaintiff brought a breach of contract action, arguing that the credit union failed to adhere to the terms of the account agreement by improperly disbursing funds, a claim that precluded summary judgment because a fact question existed as to whether the Plaintiff was damaged by the credit union's alleged failure to exercise ordinary care in releasing funds held in customer's account to the bank.

49. This is analogous to a situation where a bank fails to correctly account for mortgage payments as per the terms outlined in the mortgage agreement.

50. There is a written contract between the parties, the terms of which are clear. One term describes how the lender will account for the borrower's payments. It also requires the lender to provide a correct payoff.

51. Both of these requirements were breached by the Defendant.

52. Additionally, Defendant cannot successfully claim a "unclean hands" defense, because the accounting, based on the documents provided by the Defendant to the Plaintiff, show that the accounting has been incorrect since the inception of the loan.

53. Plaintiffs assert that defendant has been in breach of contract, since the inception of the contract, and request that the court award the maximum amount of damages allowed under the law, and post-pone the September 3rd, 2024 foreclosure to keep the status quo while this and the other issues herein are being litigated.

VIII.
Conditions Precedent

54. All conditions precedent to Plaintiff's recovery on all claims and damages have been performed or have occurred.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

a.   A temporary restraining order be issued without notice to Defendants, restraining it and
     its agents from conducting the foreclosure sale currently scheduled for September 3rd,
     2024, and from posting a notice for a subsequent sale during the pendency of the
     temporary restraining order;

b.   A temporary injunction be issued, after notice to Defendants and an evidentiary hearing,
     restraining Defendants from conducting a foreclosure sale during the pendency of this
     litigation; and

c.   A permanent injunction be issued, on final trial of this cause, enjoining Defendants from
     conducting a foreclosure and thereafter;

d.   Costs of suit, and such other and further relief, both general and special, to which Plaintiff
     may be justly entitled, whether at law or in equity.

Respectfully submitted,

By: ___/s/ Ryan Daniel_____
        Ryan Daniel
        State Bar No. 24090604
        1525 US Hwy 380, Suite 500 #102
        Frisco, TX 75033
        ryan@ryandaniellaw.com
        (469)-688-0621
**ATTORNEY FOR Plaintiff**

11

## CERTIFICATE CONFERENCE BY COUNSEL

By his signature below, the undersigned counsel represents that Defendants appear to be represented by counsel in the foreclosure. Defendant's counsel, **Jack O-Boyle & Associates, PLLC**, has been notified of this application and proposed Temporary Restraining Order at least 2 hours prior to Plaintiffs presenting this application and proposed order before the Court via e-mail to jack@jackoboyle.com, travis@jackoboyle.com, and chris@jackoboyle.com, which are email addresses included on the notice of foreclosure.

Circumstances do not permit additional efforts to give notice.

/s/ Ryan Daniel
Ryan Daniel, Attorney at Law, PLLC

Cause No. _____

| | | |
|---|---|---|
| CELESTINE ANYANKA and<br>VICTORIA ANYANKA, | §<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs, | §<br>§ | |
| V. | §<br>§ | NO. _____ OF |
| CAPITAL FUND REIT, LLC | §<br>§ | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## <u>AFFIDAVIT OF CELESTINE ANYANKA</u>

STATE OF TEXAS        §
                              §
COUNTY OF DALLAS   §

1.      My name is CELESTINE ANYANKA; I am over eighteen (18) years of age, of sound mind and am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein. I understand that I can be held criminally responsible if I lie in this statement. This statement is true.

2.      I am the owner of the property located 3944 & 3946 Queens Ct., Garland, Texas 75043 (the "Property"). I bought this property in September of 2022 with a one year hard money loan, intending to refinance within that year with a longer term loan.

3.      I am a disabled veteran and a neurosurgery registered nurse at Parkland Health.

4.      This duplex is not my first investment property. I have had two others on which I had hard money loans, but I did not experience the level of difficulty with the project, and then the lender, as I have on this investment.

5.      In fact, the lender's errors in accounting are the route cause of why I have been unable to refinance this property. Their errors are reflected and self-evident from their own accounting

1

they provided. These errors have now caused the lender's collection department to advise potential refinance companies that I have been delinquent for over 12 months, which is untrue.

6.     I would have fought against these errors sooner, except for the fact that I am very busy with my full time RN position in the neurosurgery wing of Parkland, and I didn't want to "rock the boat" so to speak and figured I would just get it refinanced and deal with the errors at that time.

7.     I did not expect my lack of action to correct these errors sooner to land me in the precarious situation in which I now find myself.

8.     Additionally, I was able to obtain extensions of the 1-year maturity date fairly easily and continued to make the payment in full and on time, so I wrongly assumed that I would be able to continue down this path until I was able to find someone to refinance the debt. In fact, the only payment I have missed in the last 12 months is the August first payment, and that was only because they wouldn't accept it due to my loan now going to foreclosure.

9.     Finally, and I wasn't aware this was even a violation of the law until my attorney advised me as such, I have not received a monthly statement of any kind from the lender or anyone claiming to be a servicer for the lender since the third month of the loan. I also never received a coupon book.

10.     As for the foreclosure process, while we did receive the notice of the foreclosure auction via regular mail, we never received it via certified mail, nor did we receive a notice to come pick up any certified mail related to this mortgage, nor one to reschedule. Therefore, it seems proper to allege that my lender made another mistake by sending out the foreclosure notice via regular mail only, despite the fact that they are apparently required to send it out via regular AND certified mail.

2

11.    Additionally, while the lender has included my wife's name on other documents, such as the verification of debt, attached, they failed to address a notice of foreclosure to her, which is apparently required by Texas Property Code Section 52.002(b)(3) which states "(b) [...] notice of the sale, [...] must be given at least 21 days before the date of the sale by: [...] (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

12.    Since they wrote a few (what they thought were, but apparently are not) "magic words" into the loan documents that this is my separate property, they were aware of my wife, and had even included her on a Verification of Mortgage.  The also had the responsibility to be aware of Texas Community Property Laws, which requires a specific and separate agreement between myself and the lender that clearly states that this property is my separate property, that must also be signed off on by my wife, so that she cannot later claim the property is part of the community estate.

13.    So, they have again broke the law as stated under Texas Property Code Section 52.002 and are now attempting to conduct an illegal foreclosure auction.

14.    It's likely, since they are a small hard money lender, that they would prefer to foreclose on this property in order to attempt to take possession of it through a strike off at the auction sale and then take the $100,000.00 in equity from me.

15.    This property is valued at $450,000.00 and carries an outstanding debt of approximately $350,000.00. The equity I have in the property therefore stands at roughly $100,000.00—a sum now hanging in the balance, likely to be lost if my house succumbs to foreclosure.

16.    I desperately want to keep the equity in this property that I've built up and keep the foreclosure off of my credit.

3

17.     If the foreclosure is not postponed, I will suffer irreparable harm by losing title to my

property against my will, as well as having a foreclosure on my credit history, and the high

likelihood of the loss of all of my equity in it.

18.     I have never before applied for a temporary restraining order to stop a foreclosure.

### VERFICATION UNDER CPRC 132.001

08/04/74

My name is CELESTINE ANYANKA.  My date of birth is _____ and my

address is 702 Intrepid Dr., Garland, Texas 75043.  I declare under penalty of perjury that the

facts stated herein are true and correct.

Signed in DALLAS County, Texas.

Signature: Celestine Anyanka (Aug 29, 2024 09:42 CDT)

4

3944 & 3946 QUEENS CT, GARLAND, TX. 75043

## APPOINTMENT OF SUBSTITUTE TRUSTEE AND
## NOTICE OF SUBSTITUTE TRUSTEE SALE

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

**APPOINTMENT OF SUBSTITUTE TRUSTEE:** WHEREAS, in my capacity as the attorney for the Mortgagee and/or its Mortgage Servicer, and pursuant to Section 51.0076 of the Texas Property Code, I hereby name, appoint and designate _Jack O'Boyle, Chris Ferguson, Travis Gray, Shelley Ortolani, Mary Mancuso, Michele Hreha, Francesca Ortolani, Guy Wiggs, David Stockman, Brenda Wiggs, Donna Stockman, Janet Pinder, Brandy Bacon, Michelle Schwartz, Jamie Dworsky, Angela Cooper, Carol Dunmon, Payton Hreha, Jeff Benton , Travis Gray, Chris Ferguson, or Jack O'Boyle,_ each as Substitute Trustee, to act under and by virtue of said Deed of Trust, including posting and filing the public notice required under Section 51.002 Texas Property Code as amended, and to proceed with a foreclosure of the Deed of Trust lien securing the payment of the Note.

**SUBSTITUTE TRUSTEE'S ADDRESS:** c/o JACK O'BOYLE & ASSOCIATES, PLLC. Mailing Address: P.O. Box 815369, Dallas, TX 75381; Physical Address: 12300 Ford Road, Suite 212, Dallas, TX 75234.

**NOTICE OF SUBSTITUTE TRUSTEE SALE:** WHEREAS, default has occurred in the payment of said herein referenced indebtedness, and the same is now wholly due, and the Mortgagee and/or Mortgage Servicer has requested the hereinafter appointed Substitute Trustee to sell said property to the highest bidder for cash and to distribute or apply the proceeds of said sale in accordance with the terms of said Deed of Trust.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on September 03, 2024 between the hours of 1pm-4pm the Substitute Trustee will sell said real property at the place hereinafter set out and pursuant to the terms herein described. The sale will begin at the earliest time stated above or within three (3) hours after that time.

**LOCATION OF** The place of the sale shall be: On the north side of the George Allen

DT: /NOS AND APPT (SVC) 240318

AL: 3944 & 3946 QUEENS CT





4821929

**SALE:** Courts Building facing Commerce Street below the overhang, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court in DALLAS County, Texas or as designated by the County Commissioners.

**INSTRUMENT TO BE FORECLOSED:** Deed of Trust or Contract Lien dated 09/20/2022 and recorded under Volume, Page or Clerk's File No. INSTRUMENT NUMBER 202200251817 in the real property records of Dallas County Texas, with CELESTINE ANYANKA A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY as Grantor(s) and CAPITAL FUND I, LLC as Original Mortgagee.

**OBLIGATIONS SECURED:** Deed of Trust or Contract Lien executed by CELESTINE ANYANKA A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY securing the payment of the indebtedness in the original principal amount of $352,000.00 and obligations therein described including but not limited to the promissory note and all the modifications, renewals and extensions of the promissory note (the "Note") executed by CELESTINE ANYANKA. CAPITAL FUND REIT, LLC is the current mortgagee (the "Mortgagee") of the Note and Deed of Trust or Contract Lien.

**MORTGAGE SERVICING INFORMATION:** The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan. CAPITAL FUND I, LLC is acting as the Mortgage Servicer for CAPITAL FUND REIT, LLC who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan. CAPITAL FUND I, LLC, as Mortgage Servicer, is representing the Mortgagee, whose address is:

CAPITAL FUND REIT, LLC
c/o CAPITAL FUND I, LLC
14555 N SCOTTSDALE ROAD SUITE #200
SCOTTSDALE, AZ 85254

**LEGAL DESCRIPTION OF PROPERTY TO BE SOLD:** LOTS 9 AND 10, BLOCK 3, REGAL ESTATES NO. 3, AN ADDITION TO THE CITY OF GARLAND, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 81195,

DT: zNOS AND APPT (SVC) 240318

AL: 3944 & 3946 QUEENS CT



PAGE 2616, MAP RECORDS, DALLAS COUNTY, TEXAS, TOGETHER WITH CORRECTION OF ERROR'S RECORDED IN VOLUME 82201, PAGE 1841 AND IN VOLUME 82232, PAGE 1929 OF THE DEED RECORDS OF DALLAS COUNTY, TEXAS. (the "Property")

**REPORTED PROPERTY ADDRESS:** 3944 & 3946 QUEENS CT, GARLAND, TX 75043

**TERMS OF SALE:** The Substitute Trustee will sell the Property by public auction at the place and date specified herein.

Pursuant to Section 51.009 of the Texas Property Code, the property will be sold in "AS IS, WHERE IS" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the Deed of Trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the property and the priority of the lien being foreclosed.

The sale will be conducted as a public auction to the highest bidder for cash, subject to the provisions of the Deed of Trust permitting the Mortgagee and/or Mortgage Servicer thereunder to have the bid credited to the Note up to the amount of the unpaid debt secured by the Deed of Trust at the time of sale.

Those desiring to purchase the property will need to demonstrate their ability to pay their bid immediately in cash if their bid is accepted.

The sale will be made expressly subject to any title matters set forth in the Deed of Trust, but prospective bidders are reminded that by law the sale will necessarily be made subject to all prior matters of record affecting the property, if any, to the extent that they remain in force and effect and have not been subordinated to the Deed of Trust. The sale shall not cover any part of the property that has been released of public record from the lien of the Deed of Trust. Prospective bidders are strongly urged to examine the applicable property records to determine the priority, nature and extent of such matters, if any.

In the event of a defect or other problem with the foreclosure process is discovered that may invalidate the sale, the consideration paid will be

DT: zNOS AND APPT (SVC) 240318

AI : 3944 & 3946 QUEENS CT

returned to the purchaser as the sole and absolute remedy. In the event of any claim or action brought by any person including the purchaser requiring or resulting in the invalidation of the sale and rescission of the Trustee's Deed or Substitute Trustee's Deed, purchaser's damages resulting therefrom are limited to the consideration paid to the Trustee or Substitute Trustee and the sole and absolute remedy shall be the return to purchaser of the consideration paid. The purchaser shall have no further recourse against the Trustee, Substitute Trustee, Mortgagee and/or Mortgage Servicer, or its attorney(s).

The Deed of Trust permits the Mortgagee and/or Mortgage Servicer to postpone, withdraw, or reschedule the sale for another day. In that case, the Trustee under the Deed of Trust or Substitute Trustee appointed herein need not appear at the date, time and place of a scheduled sale to announce the postponement, withdrawal, or rescheduling. Notice of the date of any rescheduled foreclosure sale will be reposted and refiled in accordance with the posting and filing requirements of the Texas Property Code. The reposting or refiling may be after the date originally scheduled for this sale.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

Signed on the 30 day of Feb , 2024

Respectfully,

JACK O'BOYLE & ASSOCIATES, PLLC



Jack O'Boyle | SBN: 15165300
jack@jackoboyle.com
Travis H. Gray | SBN: 24044965
travis@jackoboyle.com
Chris Ferguson | SBN: 24069714
chris@jackoboyle.com

DT: zNOS AND APPT (SVC) 240318

AL: 3944 & 3946 QUEENS CT

P.O. Box 815369
Dallas. Texas 75381
P: 972.247.0653 | F: 972.247.0642
ATTORNEYS FOR MORTGAGEE AND/OR ITS
MORTGAGE SERVICER

DT; ZNOS AND APPT (SVC) 240318

AL: 3944 & 3946 QUEENS CT



## CERTIFICATE OF POSTING

My name is _____, and my address is c/o 12300 Ford Rd, Ste. 212.
Dallas, TX 75234. I declare under the penalty of perjury that on _____ I filed
at the office of the Dallas County Clerk and caused to be posted at the Dallas County courthouse
(or other designated place) this notice of sale.


Signed:_____


Declarant's Name: _____


Date:_____


DT. GNOS AND APPT (SYC) 240318

AL: 3944 & 3946 QUEENS CT

## WARRANTY DEED WITH VENDOR'S LIEN

PROVIDENCE TITLE COMPANY
GF NO.: 120005901

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY
REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY
INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS
FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR
YOUR DRIVER'S LICENSE NUMBER.

**Date:**          September 19, 2022

**Grantor:**     Margie Lee Roark Drennan a/k/a Margie L. Drennan, a Single Woman

**Grantor's Address (Including County):**

    1737 Chestnut Street, Unit 300
    Philadelphia, PA 19103
    Dallas County

**Grantee:**     Celestine Anyanka, a Married Man as his Sole and Separate Property

**Grantee's Address (Including County):**

    702 Intrepid Drive
    Garland, TX 75043
    Dallas County

**Consideration:**  TEN AND NO/100----------------($10.00)-----------DOLLARS;
and other good and valuable considerations in hand paid by the GRANTEE herein named, the receipt of which is
hereby acknowledged;

AND, THE FURTHER   CONSIDERATION of the execution and delivery by GRANTEE of that one certain
promissory note in the original principal sum of **Three Hundred Fifty-Two Thousand And No/100 Dollars
($352,000.00)**, bearing interest as therein specified and being due and payable as therein provided to the order of
**Capital Fund I, LLC,** and providing for the acceleration of maturity in event of default and for attorney's fees; and
secured by the Vendor's Lien and Superior Title retained herein; and being additionally secured by a Deed of Trust
of even date therewith to Chris Ferguson, as Trustee; on the condition that this Vendor's Lien is cumulative and
and without prejudice of or to said Deed of Trust;

**Property (Including any improvements):**

**3944 & 3946 Queens Court, Garland, TX 75043 also known as;**

**Lots 9 and 10, Block 3, Regal Estates No. 3, an addition to the City of Garland, Dallas County, Texas,
according to the plat recorded in Volume 81195, Page 2616, Map Records, Dallas County, Texas; together
with Correction of Error's recorded in Volume 82201, Page 1841 and in Volume 82232, Page 1929 of the
Deed Records of Dallas County, Texas.**

Warranty Deed with Vendor's Lien                    Page 1 of 3                              120005901

**Reservations from Conveyance:**

None.

**Exceptions to Conveyance and Warranty:**

Liens described as part of the Consideration and any other liens described in this deed as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for current year, which Grantee assumes and agrees to pay.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever.  Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

Capital Fund I, LLC, at Grantee's request, has paid cash to Grantor that portion of the purchase price of the Property that is evidenced by the note.  The first and superior vendor's lien against and superior title to the Property are retained for the benefit of **Capital Fund I, LLC** and are transferred to **Capital Fund I, LLC** without recourse against Grantor.

The vendor's lien against and superior title to the property herein conveyed are retained until each note described herein is fully paid according to its terms, at which time this Deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

MADE EFFECTIVE THE DATE FIRST HEREINABOVE SPECIFIED.

_____   POA for Myra Drennan

Margie Lee Roark Drennan a/k/a Margie L. Drennan, by R.B. Drennan, as Agent

### ACKNOWLEDGMENT

State of ~~Texas~~ Pennsylvania §
County of Philadelphia §

Before me, the undersigned, on this day personally appeared R.B. Drennan, as Agent for Margie Lee Roark Drennan a/k/a Margie L. Drennan known to me (or proved to me on the oath of _____ or through Drivers License) to be the person(s) whose name(s) is/are subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 20 day of September, 2022.

```
Commonwealth of Pennsylvania - Notary Seal
TAMIKA THWAITES - Notary Public
Montgomery County
My Commission Expires September 21, 2024
Commission Number 1377532
```

_____
Notary Public, State of ~~Texas~~ Pennsylvania
My Commission Expires: 9/21/24

AFTER RECORDING RETURN TO:
Celestine Anyanka
702 Intrepid Drive
Garland, TX 75043

PREPARED IN THE LAW OFFICE OF:
Christman, Ramsey, & Foster, PC
2570 Justin Road, Suite 240
Highland Village, TX 75077

Warranty Deed with Vendor's Lien          Page 3 of 3          120005901

2022-202200251816 09/21/2022 10:39 AM Page 4 of 4

**Dallas County**
**John F. Warren**
**Dallas County Clerk**

**Instrument Number:** 202200251816

eRecording - Real Property

Recorded On: September 21, 2022 10:34 AM                    Number of Pages: 4

**" Examined and Charged as Follows: "**

Total Recording: $34.00

*********** **THIS PAGE IS PART OF THE INSTRUMENT** ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                        **Record and Return To:**

Document Number:       202200251816                          CSC Global

Receipt Number:        20220921000298

Recorded Date/Time:    September 21, 2022 10:34 AM

User:                  Lynn G

Station:               CC53



**STATE OF TEXAS**
**COUNTY OF DALLAS**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Dallas County, Texas.

John F. Warren
Dallas County Clerk
Dallas County, TX

Recording Requested by:
**Capital Fund I, LLC**

When recorded email to:
postclosing@capitalfund1.com

To order a payoff email:
**payoffs@capitalfund1.com**

Providence GF # 120005901

Date:9/19/2022

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER**

**THIS IS A FIRST POSITION DEED OF TRUST AND RESTRICTIONS HEREIN PROHIBIT ANY FURTHER ENCUMBERANCE OF THE PROPERTY WITHOUT BENFICIARIES WRITTEN CONSENT AND APPROVAL. THIS DEED OF TRUST ALSO CONTAINS A DUE ON SALE CLAUSE.**

## DEED OF TRUST AND ASSIGNMENT OF RENTS

Loan Number: 23692

| | |
|---|---|
| **TRUSTOR:** | **Celestine Anyanka, a married man as his sole and separate property ("Borrower")** |
| Address: | 702 Intrepid Dr Garland TX 75043 |
| **BENEFICIARY:** | **Capital Fund I, LLC** <br> **An Arizona Limited Liability Company ("Lender")** |
| Address: | 14555 N Scottsdale Road Suite #200 Scottsdale, AZ 85254 |
| **TRUSTEE:** | Chris Ferguson, managing attorney of Jack O'Boyle and Associates, a professional limited liability company |
| Address: | PO Box 815369 <br> Dallas TX 75381 |

PROPERTY in Dallas County, State of Texas, described as:

Lots 9 and 10, Block 3, Regal Estates No. 3, an addition to the City of Garland, Dallas County, Texas,,,according to the plat recorded in Volume 81195, Page 2616, Map Records, Dallas County, Texas, together,,with Correction of Error's recorded in Volume 82201, Page 1841 and in Volume 82232, Page 1929 of the,,Deed Records of Dallas County, Texas.

Page **1** of **12**                                         Initial

26480620030090000 & 26480620030100000

Street Address: 3944 & 3946 Queens Ct, Garland TX 75043

**This Deed of Trust,** made on the above date by the Borrower named above, to the Trustee named above, for the use and benefit of the Lender named above,

**WITNESSETH THAT** Borrower does hereby irrevocably grant, bargain, sell and convey to Trustee, in trust, with power of sale, the above-described real property;

**TOGETHER WITH** all the improvements now or hereafter erected on the Property, and all easements, appurtenances and fixtures now or hereafter a part of the Property, and all rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Lender to collect and apply such rents, issues and profits. All replacements and additions also shall be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property."

**FOR THE PURPOSE OF SECURING:**

A. Performance of each and every agreement of Borrower herein contained.
B. Payment of the principal sum of three hundred and fifty-two thousand dollars and zero cents (U.S. **$352,000.00**). This debt is evidenced by Borrower's PROMISSORY NOTE dated the same date as this Deed of Trust, which matures on 9/1/2023, unless that date is extended or accelerated, together with all renewals, extensions and modifications thereof (collectively, if applicable, the "Note").
C. Payment of additional sums and interest thereon, which may be advanced under the Note, in order to preserve and protect the Property.

**COVENANTS. Borrower and Lender covenant and agree as follows:**

1.      Borrower has the right to grant and convey the Property under this Deed of Trust, and that the Property is unencumbered, except for encumbrances of record as of the date of this Deed of Trust. Borrower warrants and will defend the title to the Property against all claims and demands, subject to any encumbrances of record as of the date of this Deed of Trust.

2.      Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

If Lender receives a payment from Borrower for a delinquent periodic payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one periodic payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the periodic payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more periodic payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or miscellaneous proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the periodic payments.

3.      Unless applicable law provides otherwise, all payments received by Lender under Paragraph 2 shall be applied first in payment of any costs or charges, then to Default Interest (as defined in the Note) accrued, then to interest accrued, and then to a reserve until otherwise directed by Borrower.

Page **2** of **12**                                                    **Initial**

4.      Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust, and leasehold payments or ground rents, if any.  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Paragraph 4.  Borrower shall promptly furnish to Lender receipts evidencing the payment of such taxes, assessments, charges, fines and impositions.

5.      Borrower shall promptly discharge any lien that has priority over this Deed of Trust unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Deed of Trust. If Lender determines that any part of the Property is subject to a lien, which may attain priority over this Deed of Trust, Lender may give Borrower a notice identifying the lien.  Borrower shall satisfy the lien or take one or more actions set forth above within 10 days of the date of the notice.

6.      Borrower shall keep the Property in good condition and repair; not remove or demolish any building thereon unless part of the construction plan approved in writing by Lender; complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed on the Property and pay when due all claims for labor performed and materials furnished on the Property; comply with all laws affecting the Property or requiring any alterations or improvements to be made thereon; not commit or permit waste thereof; not to commit, suffer or permit any act upon said Property in violation of law; cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said Property may be reasonably necessary, the specific enumerations herein not excluding the general.

7.      Borrower shall keep the Property and improvements now existing or hereafter erected on the Property insured against loss by fire, hazards as set forth in the Hazard Insurance Requirements Acknowledgement and Agreement executed by Borrower of even date herewith ("Insurance Agreement") included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance and general liability insurance on the Property satisfactory to and with loss payable to Lender. Proof of said insurance must be provided to Lender by Borrower prior to funding.  Failure to provide proof of insurance will result in immediate default hereunder.  Upon any such default, Lender shall have the right, at its election, to purchase said insurance for Property, and charge all costs to the principal balance of the Note which will accrue interest at the same rate set forth as default interest in the Note.

The amount collected under any fire or other insurance policy shall be applied to any indebtedness secured hereby and in such order as Lender may determine. Such applications or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

8.      Borrower shall appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Lender or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorneys' fees in a reasonable sum, in any such action or proceeding in which Lender or Trustee may appear.

9.      Borrower shall pay immediately and without demand all sums expended by Lender or Trustee pursuant to the provisions hereof, with interest from date of expenditure, at the rate of Default interest found on the Note.

10.     Borrower shall not cause or permit the presence, use, disposal, storage or release of any Hazardous Substances on or in the Property. Borrower shall not do or allow anyone else to do anything affecting the Property that is in violation of any Environmental Law. The preceding

Initial

two sentences shall not apply to the presence, use or storage on the Property of small immaterial quantities of Hazardous Substances that are generally recognized to be appropriate to normal cleaning and maintenance purposes of a residential property. Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory authority or private party involving the Property or any violation of any Hazardous Substance or Environmental Law of which Borrower has actual or constructive knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removable or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall, at its sole cost, promptly take all necessary remedial actions in accordance with Environmental Law. Borrower hereby agrees to defend, indemnify and hold harmless Lender, its directors, officers, employees, agents, successors and assigns, from and against any and all losses, damages, liabilities, claims, actions, judgments, court costs and legal or other expenses (including without limitation, attorneys' fees and expenses) which Lender may incur as a direct or indirect consequence of the use, generation, manufacture, storage, treatment, disposal, release or threatened release, transportation or presence of Hazardous Substances in, on, under or about the Property. Borrower shall pay to Lender immediately upon demand any amounts owing under this indemnity, together with interest from the date of demand until paid in full at the highest rate of interest applicable to the Note. Borrower's duty and obligation to defend, indemnify and hold harmless Lender shall survive the cancellation of the secured obligations and the release, reconveyance or partial reconveyance of this Deed of Trust. As used in this paragraph 10, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides or herbicides, volatile solvents, materials containing asbestos, formaldehyde or dioxins, and radioactive materials. As used in this Paragraph 10, "Environmental Law" means all federal laws and laws of the state, county and city of the jurisdiction where the Property is located that relates to health, safety or environmental protection.

11.       Should Borrower fail to make any payment or to do any act as herein provided, the Lender or Trustee, but without obligation to do so, and without notice to or demand upon Borrower and without releasing Borrower from any obligation hereof, may: (a) make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Lender or Trustee being authorized to enter upon the Property for such purposes; (b) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Lender or Trustee; (c) pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and (d) in exercising any such powers, or in enforcing this Deed of Trust by foreclosure, pay necessary expenses, employ counsel and pay his reasonable fees. Any amounts disbursed by Lender under this Paragraph 11 shall become additional debt of Borrower's, secured by this Deed of Trust unless Borrower and Lender agree to terms of payment, these amounts shall be payable, with interest, upon demand from Lender to Borrower.

12.       This Deed of Trust is not a residential mortgage loan as defined under 15 USC § 1602 (cc) (5). This Deed of Trust is for non-occupancy only. Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property. Borrower, its agents, shareholders, members or managers shall not occupy this home for the purpose of a primary residence at any time. Occupancy by the Borrower, its agents, shareholders, members or managers shall create a default under this Deed of Trust and Lender may require immediate payment in full of all sums secured by this Security Instrument.

13.       As used herein, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the

Page **4** of **12**                                    Initial

intent of which is the transfer of title by Borrower at a future date to a purchaser.

14.    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

15.    It is expressly stipulated and agreed to be the intent of Borrower and Lender at all times to comply strictly with the applicable Texas law governing the maximum rate or amount of interest payable on the indebtedness, or applicable United States federal law to the extent that such law permits Lender to contract for, charge, take, reserve or receive a greater amount of interest than under Texas law. If the applicable law is ever judicially interpreted so as to render usurious any amount contracted for, charged, taken, reserved or received in respect of the indebtedness, including by reason of the acceleration of the maturity or the prepayment thereof, then it is Borrower's and Lender's express intent that all amounts charged in excess of the Maximum Lawful Rate (as hereinafter defined) shall be automatically canceled, ab initio, and all amounts in excess of the Maximum Lawful Rate theretofore collected by Lender shall be credited on the principal balance of the indebtedness (or, if the indebtedness has been or would thereby be paid in full, refunded to Borrower), and the provisions of the Note and the other loan documents shall immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of the execution of any new document, so as to comply with the applicable laws, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder; provided, however, if the Note has been paid in full before the end of the stated term hereof, then Borrower and Lender agree that Lender shall, with reasonable promptness after Lender discovers or is advised by Borrower that interest was received in an amount in excess of the Maximum Lawful Rate, either credit such excess interest against the indebtedness then owing by Borrower to Lender and/or refund such excess interest to Borrower. Borrower hereby agrees that as a condition precedent to any claim seeking usury penalties against Lender, Borrower will provide written notice to Lender, advising Lender in reasonable detail of the nature and amount of the violation, and Lender shall have sixty (60) days after receipt of such notice in which to correct such usury violation, if any, by either refunding such excess interest to Borrower or crediting such excess interest against the Indebtedness then owing by Borrower to Lender. All sums contracted for, charged, taken, reserved or received by Lender for the use, forbearance or detention of the Indebtedness shall, to the extent permitted by applicable law, be amortized, prorated, allocated or spread, using the actuarial method, throughout the stated term of the Note (including any and all renewal and extension periods) until payment in full so that the rate or amount of interest on account of the indebtedness does not exceed the Maximum Lawful Rate from time to time in effect and applicable to the indebtedness for so long as debt is outstanding. In no event shall the provisions of Chapter 346 of the Texas Finance Code (which regulates certain revolving credit loan accounts and revolving triparty accounts) apply to the Note or any other part of the indebtedness. Notwithstanding anything to the contrary contained herein or in any of the other loan documents, it is not the intention of Lender to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration. The terms and provisions of this Section shall control and supersede every other term, covenant or provision contained herein, in any of the other loan documents or in any other document or instrument pertaining to the Indebtedness.

16.    Any award of damages in connection with any condemnation for public use of or injury to said Property or any part thereof is hereby assigned and shall be paid to Lender who may apply or release such monies received by it in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

17.    TIME IS OF THE ESSENCE IN EACH COVENANT OF THIS DEED OF TRUST; and that by accepting payment of any sums secured hereby after its due date, Lender does not

Initial

waive its right either to require prompt payment when due of all other sums or to declare default for failure to pay.

18.    That at any time or from time to time, and without notice, upon written request of Lender and presentation of this Deed of Trust and said Note(s) for endorsement, and without liability therefore, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, and without affecting the security hereof for the full amount secured hereby on all property remaining subject hereto, and without the necessity that any sum representing the value or any portion thereof of the property affected by the Trustee's action be credited on the indebtedness, the Trustee may: (a) release and reconvey all or any part of the Property; (b) consent to the making and recording, or either, of any map or plat of the property or any part thereof; (c) join in granting any easement thereon; (d) join in or consent to any extension agreement or any agreement subordinating the lien, encumbrance, or charge hereof.

19.    That as additional security, Borrower hereby gives to and confers upon Lender the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of the Property, reserving to Borrower the right, prior to any default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Lender may at any time, without notice, either in person, by agent, or by a receiver to be appointed upon ex parte application to any court of competent jurisdiction, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the Property or any part thereof, in its own name sue for or otherwise collect such Property income, including that past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Lender may determine.  The entering upon and taking possession of the Property, the collection of such Property income, rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to said notice.

20.    The failure of Borrower to comply with the terms of the Note or this Deed of Trust, which secures the Note shall constitute and immediate default hereunder, and also an immediate default as to all other notes and deeds of trust between the parties.  Upon any such default, Lender shall have the right, at its election, to accelerate immediately the Note, and proceed to enforce all of Lender's rights, in accordance with Texas law, including without limitation, the right to foreclose any or all of the deeds of trusts and pursue a deficiency judgment(s), and pursue the Guarantors together or separately on contract.

21.    If a default occurs on this Deed of Trust, Lender, at its option, in addition to other remedies provided at law, may declare all sums secured by this Deed of Trust immediately due and payable and may, at Lender's option, direct Trustee to foreclose upon the Property in accordance with Chapter 51 of the Texas Property Code, as the same may be amended from time to time.

Trustee, when requested to do so by Lender after such a default as aforesaid, shall sell all or any portion of the Property at public auction, to the highest bidder for cash, at the county courthouse of the county in Texas in which the Property or any part thereof is situated in the area in or about such courthouse designated for real property foreclosure sales in accordance with applicable law (or in the absence of such designation, in the area set forth in the notice of sale hereinafter described), between the hours of 10:00 o'clock A.M. and 4:00 o'clock P.M., on the first Tuesday of any month, after giving notice of the time, place and terms of said sale, and of the property to be sold in accordance with applicable laws in the State of Texas in effect at the time such notice is given, provided however, such sale shall begin at the time stated in such notice or within three (3) hours thereafter.

Initial

Notice of such proposed sale shall be given by posting written notice of the sale at the courthouse, and, except as otherwise permitted or required by applicable law, by filing a copy of the notice in the office of the county clerk of the county in which the sale is to be made at least twenty-one (21) days preceding the date of the sale. If the Property to be sold is situated in more than one county, a notice shall be posted at the courthouse and filed with the county clerk of each county in which the Property to be sold is situated. In addition, Lender shall, at least twenty-one (21) days preceding the date of sale, serve written notice of the proposed sale by certified mail on each debtor obligated to pay the debt secured hereby according to the records of Lender. Service of such notice shall be completed upon deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor at the most recent address as shown by the records of Lender, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service.

Any notice that is required or permitted to be given to Borrower may be addressed to Borrower at Borrower's address as stated on the first page hereof. Any notice that is to be given by certified mail to any other debtor may, if no address for such other debtor is shown by the records of Lender, be addressed to such other debtor at the address of Borrower as is shown by the records of Lender. Trustee may appoint any attorney-in-fact or agent to act in his or her stead as Trustee to perform all duties of the Trustee authorized herein. Borrower authorizes and empowers Trustee to sell the Property, together or in lots or parcels, as Trustee shall deem expedient; to receive the proceeds of said sale; and to execute and deliver to the purchaser or purchasers thereof good and sufficient deeds of conveyance thereto by fee simple title, with covenants of general warranty, and Borrower binds itself, himself or herself to warrant and forever defend the title of such purchaser or purchasers. Trustee may postpone the sale of all or any portion of the Property by public announcement made at the initial time and place of sale, and from time to time later by public announcement made at the time and place of sale fixed by the preceding postponement. Any person, including Borrower, Trustee, or Lender, may purchase at such sale. Lender may offset its bid at such sale to the extent of the full amount owed to Lender under the loan documents, including, without limitation, Trustee's fees, expenses of sale, and costs, expenses, and attorney fees incurred by or on behalf of Lender in connection with collecting, litigating, or otherwise enforcing any right under the loan documents.

The proceeds or avails of any sale made under or by virtue of this Deed of Trust, together with any other sums secured by this Deed of Trust, which then may be held by the Trustee or Lender or any other person, shall be applied as follows:  (1) To the payment of the costs and expenses of such sale, including Trustee's fees, costs of title evidence, attorney fees, and reasonable compensation to Lender and its agents and consultants, and of any judicial proceedings in which the same costs and expenses of sale may be made, and of all expenses, liabilities, and advances made or incurred by the Trustee or Lender under this Deed of Trust, together with interest at the rate set forth in the Note on all advances made by the Trustee or Lender and all taxes or assessments, except any taxes, assessments, or other charges subject to which the Property was sold; (2) to the payment of the whole amount then due, owing, or unpaid on the Note for interest and principal, with interest on the unpaid principal at the Default Rate (as defined in the Note), from the due date of any such payment of principal until the same is paid; (3) to the payment of any other indebtedness required to be paid by Borrower under any provision of this Deed of Trust, the Note, or any of the other loan documents; and (4) to the payment of the surplus, if any, to whomsoever may be lawfully entitled to receive it.

If the indebtedness secured hereby is secured by one or more other Deeds of Trust, then upon default of Borrower in the payment of said indebtedness or performance of any other agreements with Lender, the Trustee may sell Property subject to this Deed and to any other Deeds of Trust securing said indebtedness at Trustee's sale conducted serially.

Page 7 of 12

**Initial**

22.     That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Lender shall mean the owner and holder of the Note secured hereby; or, if the Note has been pledged, the pledgee thereof. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and neuter, and the singular number includes the plural.

23.     The Trustee shall be deemed to have accepted the terms of this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. The Trustee shall not be obligated to notify any party to this Deed of Trust of any pending sale under any other Deed of Trust or of any action or proceeding in which Borrower, Lender, or Trustee is a party, unless such sale relates to or reasonably might affect the Property, this Deed of Trust, Lender's security for the payment of the Note and the performance of Borrower's obligations, or the rights or powers of Lender or Trustee under the loan documents, or unless such action or proceeding has been instituted by Trustee against the Property, Borrower, or Lender.

In case of any sale hereunder, all prerequisites to the sale shall be presumed to have been performed, and in conveyance given hereunder, all statements of facts or other recitals made therein as to any of the following, shall be taken in all courts of law or equity as prima facie evidence that the facts so stated or recited are true; i.e., the nonpayment of money secured; the request to Trustee to enforce this trust; the proper and due appointment of any substitute trustee; the advertisement of sale or time, place and manner of sale; or any other preliminary fact or thing.  Trustee shall not be liable for any action taken or omitted to be taken by Trustee in good faith and reasonably believed to be within the discretion or power conferred upon Trustee by this Deed of Trust and shall be answerable only for losses occurring through his or her gross negligence or willful misconduct.  Borrower agrees to save and hold Trustee and Lender harmless from all loss and expense, including reasonable attorney fee, costs of a title search or abstract, and preparation of survey, incurred by reason of any action, suit or proceeding (including an action, suit or proceeding to foreclose or to collect the debt secured hereby) in and to which Trustee or Lender may be or become a party by reason hereof, including but not limited to, condemnation, bankruptcy and administration proceedings, as well as any other proceeding wherein proof of claim is required by law to be filed or in which it becomes necessary to defend or uphold the terms of this Deed of Trust, and in each such instance, all money paid or expended by Trustee or Lender, together with interest thereon from date of such payment at the rate set forth in said Note or at the Default Rate, whichever is higher, shall be so much additional indebtedness secured hereby and shall be immediately due and payable by Borrower.

24.     Lender may, for any reason or cause, from time to time remove Trustee and appoint a substitute/successor trustee to any Trustee appointed hereunder, and when any such substitution has been filed for record in the Office of the Recorder of the County in which the Property herein described is situated, it shall be conclusive evidence of the appointment of such trustee or trustees. Without conveyance to the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

25.     The Note or a partial interest in the Note (together with this Deed of Trust) may be sold one or more times without notice to Borrower.  A sale may result in the change of the person who collects monthly payments due under the Note and this Deed of Trust.

26.     To the extent permitted by law, Borrower hereby waives all rights to any homestead or other exemption to which Borrower would otherwise be entitled under any present or future constitutional, statutory, or other provision of applicable state or federal law.

27.     If any term or provision of this Deed of Trust is held invalid or unenforceable by a court or arbitrator of competent jurisdiction, such terms shall be reduced or otherwise modified by such court or arbitrator to the minimum extent necessary to make it valid and enforceable. If such term or provision cannot be so modified, it shall be severed, and the remaining terms and

Page **8** of **12**

Initial

provisions of this Deed of Trust shall be interpreted in such a way as to give maximum validity and enforceability to this Deed of Trust. The remaining terms and provisions hereof shall continue in full force and effect.

28.    During a default under this Deed of Trust, any and all rents collected or received by Borrower shall be accepted and held for Lender in trust and shall not be commingled with Borrower's funds and property, but shall be promptly paid over to Lender. This instrument constitutes an assignment of rents and a security instrument under Chapter 64, Texas Property Code (SB 889 as enacted June 2011) and affords Lender, as beneficiary hereunder, all rights and remedies of an assignee under Chapter 64, Texas Property Code. This assignment of rents secures the Note, and a security interest in all rents from the Property is hereby created under Chapter 64 of the Texas Property Code to secure the Note.

If the Lender deems it necessary or convenient to have the rents collected by a receiver appointed for that purpose following an event of default, the Lender may apply to a court of competent jurisdiction for the appointment of a receiver of the Property, without notice and without regard for the adequacy of the security for the Note and without regard for the solvency of Borrower, any guarantor, or of any person, firm or other entity liable for the payment of the Note and shall have a receiver appointed. The Borrower further hereby consents to the appointment of a receiver should Lender elect to seek such relief.

29.    No portion of the indebtedness secured by this Deed of Trust shall be or be deemed to be offset or compensated by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Borrower may have or claim to have against Lender. To the extent permitted by law, Borrower expressly waives and relinquishes any and all rights and remedies under Sections 51.003, 51.004 and 51.005 of the Texas Property Code, as amended or re-codified (the "Deficiency Statutes"), including without limitation, the right to seek a credit against or offset of any deficiency judgment based on the fair market value of the Property sold at any judicial or non-judicial foreclosure; and to the extent permitted by law, Borrower agrees that Lender shall be entitled to seek a deficiency judgment from Borrower and/or any other party obligated on the Note secured hereby equal to the difference between the amount owing on the Note secured hereby and the foreclosure sales price. Alternatively, in the event the foregoing waiver is determined by a court of competent jurisdiction to be unenforceable, the following shall be the basis for the finder of fact's determination of the fair market value of the Property as of the date of the foreclosure sale in proceedings governed by any of the Deficiency Statutes: (a) the Property shall be valued in an "as is" condition as of the date of the foreclosure sale, without any assumption or expectation that the Property will be repaired or improved in any manner before a resale of the Property after foreclosure: (b) the valuation shall be based upon an assumption that the foreclosure purchaser desires a resale of the Property for cash promptly (but not later than twelve (12) months) following the foreclosure sale; (c) all reasonable closing costs customarily borne by the seller in commercial real estate transactions should be deducted from the gross fair market value of the Property, including without limitation, brokerage commissions, title insurance premiums, cost of a survey, tax prorations, attorneys' fees, and marketing costs; (d) the gross fair market value of the Property shall be further discounted to account for any estimated holding costs associated with maintaining the Property pending sale, including without limitation, utilities expenses, property management fees, security, taxes and assessments (without duplication), and other maintenance, operational and ownership expenses; and (e) any expert opinion testimony given or considered in connection with a determination of the fair market value of the Property must be given by persons having at least five (5) years' experience in appraising property similar to the Property and who have conducted and prepared a complete written appraisal of the Property and taking into consideration the factors set forth above.

30.    NO FURTHER ENCUMBRANCES MAY BE RECORDED AGAINST THE REAL ESTATE WITHOUT THE PRIOR WRITTEN CONSENT OF LENDER. FAILURE TO COMPLY WITH THIS PROVISION SHALL CONSTITUTE AN EVENT OF DEFAULT AND, AT THE

Initial

LENDER'S OPTION, THE LOAN SHALL IMMEDIATELY BECOME DUE AND PAYABLE. CONSENT TO ONE FURTHER ENCUMBRANCE SHALL NOT BE DEEMED TO BE A WAIVER OF THE RIGHT TO REQUIRE SUCH CONSENT TO FUTURE OR SUCCESSIVE ENCUMBRANCES.

31.     Except as provided in the Note and as otherwise provided herein, unless (and then to the extent not) prohibited by applicable law, the Borrower, and each surety, endorser, guarantor and other person liable or to become liable for payment of the Note:

(i)     waive: opportunity to cure breach or default; grace; all notices, demands and presentments for payment; all notices of dishonor, non-payment, acceleration of maturity or intention to accelerate maturity; protest; dishonor; all other notices whatsoever; and, diligence in taking any action to collect amounts secured hereunder or in the handling of any collateral securing the Note at any time; and,

(ii)    consent and agree (without notice of any of the following): to any substitution, subordination, exchange or release of any security for the Note or the release of any party primarily or secondarily liable on the Note; that the Lender shall not be required first to institute suit or exhaust his remedies against the Borrower or others liable or to become liable on the Note or to enforce his rights against them or any security therefor; and, to any extension, renewal, rearrangement, or postponement of the time or manner of payment of the Note and to any other indulgence with respect hereto or thereto.  Borrower waives any right of redemption.

32.     PROPERTY INSURANCE DISCLOSURE.  TEXAS FINANCE CODE SECTION 307.052 COLLATERAL PROTECTION INSURANCE NOTICE: (A) BORROWER IS REQUIRED TO (i) KEEP THE PROPERTY INSURED AGAINST DAMAGE IN THE AMOUNT SPECIFIED HEREIN; (ii) PURCHASE THE INSURANCE FROM AN INSURER THAT IS AUTHORIZED TO DO BUSINESS IN THE STATE OF TEXAS OR AN ELIGIBLE SURPLUS LINES INSURER OR OTHERWISE AS PROVIDED HEREIN; AND (iii) NAME LENDER AS THE PERSON TO BE PAID UNDER THE POLICY IN THE EVENT OF A LOSS AS PROVIDED HEREIN; (B) SUBJECT TO THE PROVISIONS HEREOF, BORROWER MUST, IF REQUIRED BY LENDER, DELIVER TO LENDER A COPY (OR COPIES) OF THE POLICY (OR POLICIES) AND PROOF OF THE PAYMENT OF PREMIUMS; AND (C) SUBJECT TO THE PROVISIONS HEREOF, IF BORROWER FAILS TO MEET ANY REQUIREMENT LISTED IN THE FOREGOING SUBPARTS (A) OR (B), LENDER MAY OBTAIN COLLATERAL PROTECTION INSURANCE ON BEHALF OF BORROWER AT BORROWER'S EXPENSE.

33.     THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

34.     Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust without charge to Borrower.  Borrower shall pay any recordation costs.

Request is hereby made that a copy of any notice of default and a copy of any notice of sale hereunder be mailed to Borrower at its/his/her address hereinbefore set forth.

Borrower hereby acknowledges that the financing being provided is being provided for the acquisition/financing of the Property, more specifically described above.

In the event the Property is a single-family residence, townhouse, condominium, or mobile home plus the land upon which that mobile home is located Borrower expressly warrants and represents to Lender that the Property represents a commercial purchase/finance, for profit venture, and that Borrower will not and has no intention of occupying the Property as a primary or secondary personal residence.

Page **10** of **12**                                        Initial

Borrower makes this Declaration and enters into this Deed of Trust of its/his/her own free will and has not been induced, compelled or coerced in any form whatsoever.

**Borrower Initials**

In addition, Borrower therefore expressly covenants and warrants that it/he/she is an investor, engaged in the business of constructing, remodeling and selling dwellings and that the financing obtained from Lender was in the course of that business with the intent to construct and sell the Property to another person.

Borrower agrees and acknowledges that his/her Borrower Certificate, Declaration and the representations contained herein are a material inducement for the Lender to fund the Note; and that Borrower acknowledges that the Lender would not have considered funding the loan if this certification, declaration and representation was not tendered by Borrower.

Borrower understands that the Lender is providing private money for loan funds and that the Lender is a private money source, who is not operating under any guidelines of Licenses, or under the supervision of any State Banking Department or other Governmental Agency.  Borrower represents that it/he/she has performed its/his/her due diligence and agrees that the interest rate of the Note is the fair market rate in for this type of financing.

Borrower certifies that the loan funds provided will in no way be considered a "Consumer Loan" because Borrower is representing itself or himself or herself as a professional real estate investor.

Borrower acknowledges that it/he/she had multiple sources for the funding of the subject loan and has selected the Lender for various business and economic reasons.

**Initial**

BORROWER: Celestine Anyanka, a married man as his sole and separate property

SIGNATURE: _____ 09/20/2022
By: Celestine Anyanka   DATE

STATE OF **TX** )
County of  Dallas )

This Instrument was acknowledged before me this 20th day of September, 2022.

By: Celestine Anyanka

WITNESS my hand and official seal.



My Commission Expires: _____  Notary Public

```
TIFFANY JOHNSON BEECHAM
Notary Public, State of Texas
Comm. Expires 12-20-2022
Notary ID 128475550
```

Page 12 of 12                                    Initial

2022-202200251817 09/21/2022 10:39 AM Page 13 of 13

**Dallas County**
**John F. Warren**
**Dallas County Clerk**

**Instrument Number:**  202200251817

eRecording - Real Property

Recorded On: September 21, 2022 10:34 AM          Number of Pages: 13

**" Examined and Charged as Follows: "**

Total Recording: $70.00

**********  THIS PAGE IS PART OF THE INSTRUMENT  **********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                              **Record and Return To:**

Document Number:     202200251817               CSC Global
Receipt Number:      20220921000298
Recorded Date/Time:  September 21, 2022 10:34 AM
User:                Lynn G
Station:             CC53



**STATE OF TEXAS**
**COUNTY OF DALLAS**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Dallas County, Texas.

John F. Warren
Dallas County Clerk
Dallas County, TX

# PROMISSORY NOTE
(Installment Payments)

LOAN NUMBER:    23692                          DATE: 9/19/2022
AMOUNT:            **$352,000.00**
PROPERTY:         3944 & 3946 Queens Ct
Garland TX 75043

FOR VALUE RECEIVED, The undersigned **Celestine Anyanka, a married man as his sole and separate property** ("Borrower"), promises to pay without offset or deduction to the order of **Capital Fund I, LLC, an Arizona Limited Liability Company**, their successor and assigns ("Lender"), located at 14555 N Scottsdale Road Suite #200 Scottsdale, AZ 85254, or at any other place designated by Lender, the principal sum of **three hundred and fifty-two thousand dollars and zero cents** ($352,000.00), together with interest on the unpaid principal balance from **9/20/2022**, until the entire outstanding principal balance has been paid in full at the full rate of **10.49%** per annum ("Annual Rate"), and any other amounts payable by Borrower to Lender under the Loan Documents, as defined herein.

Interest shall be charged on unpaid principal until the full amount of principal has been paid. Borrower shall make no less than interest only payments every month. Borrower shall prepay the first pro-rata payment at the closing indicated on the Final Settlement Statement. Borrower shall pay the monthly payments thereafter on 1st day of each month beginning **11/1/2022**. The interest only full monthly payment will be in the amount of U.S. **$3,077.07**. Interest on the outstanding principal balance shall be calculated on a daily basis (based on a three-hundred and sixty (360) day year). If any installment payment shall become due on a day that is not a business day, then the payment shall be deemed due on the next day which is a business day. The term "business day" shall mean any day which is no Saturday, Sunday or federally observed holiday.

This amount may change if further principal is advanced and/or the Borrower pays principal payments. Interest shall be charged on that part of Principal which has been advanced. In the event the loan is not funded to the maximum Note amount, the monthly payment will be the amount as determined by Lender to be an interest only payment on the outstanding funds advanced. In the event an advance is made on any date other than the effective date of this Note, the Borrower agrees to pay pro-rated interest on those advances giving the Lender full credit for interest earned on the advance for the portion of the month the advance was made.

Borrower shall make all monthly payments payable for the benefit of the Lender at:

**Capital Fund I, LLC**
**14555 N Scottsdale Road**
**Suite #200**
**Scottsdale, AZ 85254**
**Loan Number: 23692**

Or, such other place as Lender may, from time to time, designate in writing, in consecutive equal monthly installments, and continuing on the same date of each and every successive calendar month (the "Payment Due Date").

**MONTHLY PAYMENT: $3,077.07**

The entire principal balance together with all accrued and unpaid interest, and all other obligations of Borrower under this Note, if not sooner paid, shall be due and payable in full on **9/1/2023** ("Maturity Date"). All payments under this Note and under the Loan Documents (as below defined shall be in lawful

Page 1 of 6                                    Initial

money of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

1. **PREPAYMENT.** Borrower may repay this Note in whole at any time. Borrower shall also have the right to make without penalty, principal reduction payments during the period of this Note from time to time. Interest calculation shall be made on the basis of total funds advanced, less any and all repayment of principal made by Borrower. All prepayments shall include payment of all accrued and unpaid interest to the date of such prepayment on the amount of principal being prepaid.

2. **EXTENSION.** At the request of Borrower, and at the sole discretion of Lender, this Note may be extended for a period of six (6) months, provided that Borrower completes the full extension process as requested by Lender and pays a loan extension fee of $3,520.00. In the event this Note is paid off after the Maturity Date and no request for a loan extension is made by Borrower, the full extension fee shall apply. The following are requirements for an Extension to be granted:

   a. Loan payments, fees, and charges must be current
   b. The Property must be current on county taxes and have full insurance coverage
   c. If improvements were to be made to the property those must have been completed or have significant progress, shown to Lender by updated photos
   d. The current loan to value of the property must not exceed 70%
   e. Borrower must complete full process before reaching the end of the month of maturity to avoid default

3. **LATE CHARGE.** Borrower hereby acknowledges and agrees that any late payment by Borrower to Lender will cause additional expense not contemplated hereby in serving the Loan Documents and will result in losses to Lender of the use of the money due, disruption, additional administrative expenses in handling and processing delinquent payments. Accordingly, Borrower will pay as damages, a late charge for each monthly payment that is not actually received by Lender or the Account Servicing Agent within ten (10) days after the Payment Due Date.

   Such late charge shall be equal to five percent (5%) of the interest only payment at the then current interest rate and Borrower hereby agrees that such late charge is a reasonable estimate of Lender's damages. This late charge shall be in addition to and separate from any increase in the interest rate herein set forth. The late charge shall apply individually to all payments past due, there will be no daily adjustment, and the late charge shall be used to defray the cost of the Lender incident to collecting such late payment. The late charge is due and payable in addition to and together with the delinquent installment. Further, Borrower agrees not to remit late payments without the inclusion of the late charge. The parties hereby agree that such late charge represents a fair and reasonable estimate of the costs Lender will incur by reason of a late payment.

   **WAIVER.** Acceptance by Lender of any installment payment that does not include the late charge shall not be a waiver of the right to collect the late charge unless said waiver is memorialized in a writing signed by Lender. Borrower acknowledges he/she has no right to insist on strict performance by notice. This provision shall not be deemed to excuse a late payment or be deemed a waiver of any other rights the Lender may have to collect any other amounts provided to or otherwise prevent Lender from exercising any of the other rights and remedies granted hereunder or available at law or in equity.

4. **DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

   a. Payment Default. If any installment under this Note is not actually received by the end of the month of the Payment Due Date, or if all principal, interest and any other amounts due hereunder are not fully paid on or before the Maturity Date; 9/1/2023
   b. Performance Defaults. Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the Loan Documents,

Page 2 of 6                                          Initial

or to comply with or to perform any term, obligation covenant or condition contained in any other agreement between Lender and Borrower.

c. False Statements. Any warranty, representation or statement made or furnished to Lender, to Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

d. Insolvency. The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

e. Events Affecting Guarantor. Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety or accommodation parties dies or becomes incompetent, or revokes or disputes the validity of, or liability under any guaranty of the indebtedness evidenced by this Note.

f. Failure to Insure. The failure of Borrower to acquire and maintain property insurance; and to pay all obligations, premiums and other amounts owing in respect to the ownership, operation, occupancy or use of the Property and all agreements, documents and instruments relating to the Property.

g. Default of Related Third Parties. Upon an Event of Default under this Note or any other obligation of Borrower to Lender, all loans of Borrower payable to Lender will be considered in Default at the option of the Lender. Further, Borrower and entities which are related to Borrower have or may in the future enter into a Cross Default Agreement as additional loans are granted to such related entities. Pursuant to such Cross Default Agreement, a default under this Note or any of the loans set forth in the Cross Default Agreement, shall constitute a default under this Note as well as all loans referenced in such Cross Default Agreement.

h. Mechanics Liens. In the event a mechanics lien is recorded against the Property, Lender shall have the right to exercise all remedies under the Loan Documents, including but not limited to, the right to call the Note due and payable.

i. Lawsuits. In the event the Lender is named in a lawsuit that the Borrower is a party to, Lender shall have the right to exercise all remedies under the Loan Documents for all loans, including but not limited to, the right to call all of Borrower's loans due and payable

5. **DEFAULT RATE.** Upon an Event of Default, and in addition to any and all provisions hereof, with the entire unpaid principal balance of this Note shall bear interest to the extent permitted by law at the rate which is equal to eighteen percent (18%) per annum (the "Default Rate of Interest") from the date of the Event of Default until such Event of Default has been cured. If such Default Rate of Interest may not be collected from Borrower under applicable law, then this Note shall bear interest at the maximum increased rate of interest, if any, which may be collected from Borrower under applicable law.

If a Borrower sells a Property when any of the Loan Documents for any of the Borrower entities are in default, the payoff statement from Lender for the Loan associated with such property shall include all amounts owing on any or all of the Loans as of such date, including without limitation, the following: late payment fees, legal fees, trustee fees, default interest, past-due payments, and principal. Such amounts shall be paid directly from escrow, without notice to, or escrow instructions from, Borrower. Amounts paid shall be applied first to outstanding fees, then to accrued interest, and finally to principal. Lender may apply such payments to the respective Loans in Lender's sole and absolute discretion. Borrower acknowledges that this Agreement is made in partial consideration for the Loans, and that Lender would not agree to make the Loans without execution of this Agreement.

Initial

6. **LENDER RIGHTS.** Upon an Event of Default, the whole sum of principal and interest shall become immediately due and payable, accelerated, at the option of the Lender, without notice, with interest on the entire unpaid principal balance and accrued interest from the date the payment was due. Lender may exercise this option to accelerate, without notice, during any default by Borrower regardless of any prior forbearance. No failure to exercise or delay in exercising such options shall constitute a waiver of such option in the event of any subsequent Default hereunder.

Further, upon an Event of Default, Lender may resort to any collateral, whether real property or personal property, now or hereinafter given as security for this Note, in any order, and may sell and dispose of such collateral in whole or in part, at any time or from time to time with no requirement on the party of the Lender of this Note to marshal assets. Lender shall not be required to preserve any rights in such collateral as against prior parties. Lender is entitled to the benefits of any and all Loan Documents securing or guaranteeing this Note.

7. **ACCOUNTING.** All payments or partial payments shall be credited first to any collection costs, attorney's fees, beneficiary advances and any other amounts due under the terms of the Loan Documents; next to any accrued and unpaid late charges; then to default interest; then to regular interest and then to a reserve until otherwise directed by Borrower.

8. **LOAN DOCUMENTS.** The Deed of Trust and Assignments of Rents, any Fixture Filing, Security Agreement or any other instruments evidencing, governing or securing Borrower's obligation under this Note are collectively referred herein to as "Loan Documents."

9. **TIME IS OF THE ESSENCE** with regard to each and every term, condition and obligation in the Loan Documents as to which time is a factor.

10. **ATTORNEY'S FEES.** In the event of any Default in the payment of this Note, and if the same is referred to any attorney for collection or any action at law or in equity is brought with respect hereto, Borrower shall pay all of Lender's expenses and costs including but not limited to: attorney's fees, wither suit is instituted or not. In the event suit is instituted, all court costs and attorney's fees shall be set by the Court and not by jury and the amount of such an award shall be included in any judgment obtained by the Lender and shall be secured by the Loan Documents.

11. **JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

12. **GOVERNING LAW.** This Note will be governed by the laws of the State of Texas without regard to its conflict of law's provisions.

13. **USURY SAVINGS PROVISIONS.** It is expressly stipulated and agreed to be the intent of Borrower and Lender at all times to comply strictly with the applicable Texas law governing the maximum rate or amount of interest payable on the Indebtedness (as hereinafter defined), or applicable United States federal law to the extent that such law permits Lender to contract for, charge, take, reserve or receive a greater amount of interest than under Texas law. For purposes of this Note, "Indebtedness" shall mean all indebtedness evidenced by this Note, and all amounts payable in the performance of any covenant or obligation in any of the other Loan Documents or any other communication or writing by or between Borrower and Lender related to the transaction or transactions that are the subject matter of the Loan Documents, or any part of such indebtedness. If the applicable law is ever judicially interpreted so as to render usurious any amount contracted for, charged, taken, reserved or received in respect of the Indebtedness, including by reason of the acceleration of the maturity or the prepayment thereof, then it is Borrower's and Lender's express intent that all amounts charged in excess of the Maximum Lawful Rate shall be automatically canceled, *ab initio*, and all amounts in excess of the Maximum Lawful Rate theretofore collected by Lender shall be credited on the principal balance of the

Page 4 of 6                                                    Initial

Indebtedness (or, if the Indebtedness has been or would thereby be paid in full, refunded to Borrower), and the provisions of this Note and the other Loan Documents shall immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of the execution of any new document, so as to comply with the applicable laws, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder; provided, however, if this Note has been paid in full before the end of the stated term hereof, then Borrower and Lender agree that Lender shall, with reasonable promptness after Lender discovers or is advised by Borrower that interest was received in an amount in excess of the Maximum Lawful Rate, either credit such excess interest against the Indebtedness then owing by Borrower to Lender and/or refund such excess interest to Borrower. Borrower hereby agrees that as a condition precedent to any claim seeking usury penalties against Lender, Borrower will provide written notice to Lender, advising Lender in reasonable detail of the nature and amount of the violation, and Lender shall have sixty (60) days after receipt of such notice in which to correct such usury violation, if any, by either refunding such excess interest to Borrower or crediting such excess interest against the Indebtedness then owing by Borrower to Lender. All sums contracted for, charged, taken, reserved or received by Borrower for the use, forbearance or detention of the Indebtedness shall, to the extent permitted by applicable law, be amortized, prorated, allocated or spread, using the actuarial method, throughout the stated term of this Note (including any and all renewal and extension periods) until payment in full so that the rate or amount of interest on account of the Indebtedness does not exceed the Maximum Lawful Rate from time to time in effect and applicable to the Indebtedness for so long as debt is outstanding. In no event shall the provisions of Chapter 346 of the Texas Finance Code (which regulates certain revolving credit loan accounts and revolving tri-party accounts) apply to this Note or any other part of the Indebtedness. Notwithstanding anything to the contrary contained herein or in any of the other Loan Documents, it is not the intention of Lender to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration. The terms and provisions of this paragraph shall control and supersede every other term, covenant or provision contained herein, in any of the other Loan Documents or in any other document or instrument pertaining to the Indebtedness.

14. **GENERAL PROVISIONS.** This Note benefits the Lender and its successors and assigns, and binds the Borrower and Borrower's heirs, successors, assigns and representatives. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note.

Borrower and all endorsers and guarantors hereof jointly and severally agree with Lender that Lender may, from time to time, extend the time for payment of the outstanding principal balance or any part thereof, reduce the payments thereon, release anyone liable on any amount of the outstanding principal balance, accept a renewal of this Note, modify the terms and time of payment of the outstanding balance, join in an extension or subordination agreement, release of any security given thereof, take or release other or additional security, or modify the rate of interest or period of amortization of this Note or change the amount of the monthly installments payable hereunder, without notice, in such a manner as Lender may see fit, all without in the way of affecting or releasing the liability of Borrower and all endorser(s) and guarantors hereof.

All makers, sureties, guarantors and endorser(s) hereof, severally waive demand, diligence, presentment for payment, protest and demand, and notice of extension, dishonor, protest and nonpayment of this Note, and waive any and all lack of due diligence or delays in collection or enforcement hereof. This Note shall be the joint and several obligations of all makers, sureties, guarantors, and endorser(s); and shall be binding upon them and their successors and assigns. All makers, sureties, guarantors, and endorser(s); hereof, severally waive any homestead or exemption right pursuant to the Loan Documents.

15. This Note is secured by a Deed of Trust and Assignment of Rents of even date to Chris Ferguson, managing attorney of Jack O'Boyle and Associates, a professional limited liability

Page 5 of 6                                             Initial

company as Trustee, securing real property located in Dallas County, Texas.  This Deed of Trust contains a provision for acceleration of the maturity of this Note.

THE BORROWER OF THIS NOTE CERTIFIES THAT HE/SHE IS UNABLE TO OBTAIN CONVENTIONAL LOAN FINANCING; AND THAT THE INDEBTEDNESS EVIDENCED BY THIS NOTE IS OBTAINED FOR BUSINESS AND COMMERCIAL PURPOSES; AND THAT THE PROCEEDS THEREOF WILL NOT BE USED PRIMARILY FOR PERSONAL, FAMILY, HOUSEHOLD OR AGRICULTURAL PURPOSES.

PRIOR TO SIGNING THIS NOTE, BORROWER HAS READ AND UNDERSTOOD ALL OF THE PROVISIONS OF THIS NOTE.  BORROWER AGREES TO THE TERMS AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

Dated September 19, 2022

Celestine Anyanka, a married man as his sole and separate property

Personally, Guaranteed by: Celestine Anyanka

Page 6 of 6                                    Initial

# Request for Verification of Mortgage

**Privacy Act Notice:** This information is to be used by the agency collecting it or its assignees in determining whether you qualify as a prospective mortgagor under its program. It will not be disclosed outside the agency except as required and permitted by law. You do not have to provide this information, but if you do not, your application for approval as a prospective mortgagor or borrower may be delayed or rejected. The information requested in this form is authorized by Title 38, USC, Chapter 37 (if VA); by 12 USC, Section 1701 et. seq. (if HUD/FHA); by 42 USC, Section 1452b (if HUD/CPD); and Title 42 USC, 1471 et. seq., or 7 USC, 1921 et. seq. (if USDA/FmHA).

**Instructions:** **Lender** – Complete items 1 through 8. Have applicant(s) complete item 9. Forward directly to creditor named in item 1.
**Creditor** – Please complete Parts II and III and return DIRECTLY to lender named in item 2.

## Part I - Request

| 1. To (Name and address of creditor) | 2. From (Name and address of lender) |
|---|---|
| Capital Fund I | Brian Taylor<br>AmNet Mortgage |

I certify that this verification has been sent directly to the creditor and has not passed through the hands of the applicant or any other interested party.

| 3. Signature of Lender | 4. Title<br>**Regional Branch Manager** | 5. Date | 6. Lender's No. (Optional) |
|---|---|---|---|

**7. Information to be verified**

| Property Address | Account in the name of | Victoria Anyanka |
|---|---|---|
| | Loan Number | 23692 |

**To Creditor:** I/We have applied for a mortgage loan and have stated that you have extended a loan to me/us. You are authorized to verify this information and to supply the lender with the information requested below. Your response is solely a matter of courtesy for which no responsibility is attached.

| 8. Name and Address of Applicant(s) | 9. Signature of Applicant(s) |
|---|---|
| | x **See attached borrower's authorization**<br><br>x |

## To Be Completed By Creditor

## Part II – Verification of Mortgage

| 10. | [X] Mortgage   [ ] Land Contract | Interest rate | 18.00% |
|---|---|---|---|
| Date mortgage originated | 09/20/2022 | [X] Fixed   [ ] ARM | |
| Original mortgage amount | $ 352,000.00 | [ ] FHA   [ ] VA | |
| Current mortgage balance | $ 352,000.00 | [ ] FNMA   [ ] CONV | |
| Monthly payment P&I only | $ 5,280.00 | Next pay date | 03/01/2024 |
| Payment with taxes and ins. | $ 5,280.00 | No. of late payments in last 12 months | 12 |
| Is mortgage current? | [ ] Yes  [X] No | Insurance agent  NA | |
| Is mortgage assumable? | [ ] Yes  [X] No | | |
| Satisfactory account? | [ ] Yes  [X] No | | |

11. Additional information which may be of assistance in determination of credit worthiness.

## Part III – Authorized Signature

Federal statutes provide severe penalties for any fraud, intentional misrepresentation, or criminal connivance or conspiracy purposed to influence the issuance of any guaranty or insurance by the VA Secretary, the U.S.D.A., FmHA/FHA Commissioner, or the HUD/CPD Assistant Secretary.

| 12. Signature of Creditor | 13. Title (Please print or type)<br>Payoffs Manager | 14. Date<br>07/01/2024 |
|---|---|---|
| 15. Please print or type name signed in item 12.<br>Vincent Gavagan | 16. Phone No.<br>480-889-6100 | |

ICE Mortgage Technology, Inc.

GVOM_S   1115
GVOMS (POD)

# CAPITAL FUND I. LLC.

**Reliable Private Money for Your Real Estate Projects**

14555 N Scottsdale Rd #200 Scottsdale, AZ 85254

(480) 889-6100

5/22/2024

Celestine Anyanka
Property Address: 3944 Queens Ct Garland TX 75043
Loan Number: 23692

## PAYOFF STATEMENT FOR 5/31/2024

You are authorized to use the following amounts to pay off the above-mentioned loan. Capital Fund I, LLC will create, execute, and record a release for the above-mentioned property after receipt of payoff in full. We will forward a copy of the recorded release to the title company within 30 days after receiving payoff funds.

| | |
|---|---|
| Original Interest Rate: | 10.49% |
| Current Interest Rate: | 10.49% |
| Loan Balance: | $352,000.00 |
| Interest Due: | $5,771.45 |
| Charges Due: | $2,508.41 |
| Recording Fee: | $75.00 |
| **Pay This Amount:** | **$360,354.86** |

If payoff is requested for a date after the 10th of the month and payment has not been made, a late fee will be included. However, please note if payment is made before the 10th, an updated payoff may be requested and will no longer show a late fee.

Please allow 1-2 business days after payoff funds are received for Auto Pay to be turned off.

We reserve the right to amend this demand should any changes occur, that would increase the total payoff amount. Please note that this demand expires on 6/1/2024, at which time you are instructed to request a new payoff to ensure the loan is paid in full.

PAYOFF FUNDS ARE ONLY ACCEPTED VIA WIRE OR CASHIER'S CHECK (made payable to: Capital Fund I, LLC)

Sincerely,
Payoffs Department
480-889-6100 | EXT 2022
Payoffs@capitalfund1.com

# CAPITAL FUND I LLC.

Reliable Private Money for Your Real Estate Projects

## ATTENTION - PREVENT SCAMS
## ALWAYS CALL AND VERIFY
## WIRING INSTRUCTIONS!!!

**WIRING INSTRUCTIONS:**

WESTERN ALLIANCE BANK

PO BOX 98814 LAS VEGAS, NV 89193

**Beneficiary Account Name:**

Capital Fund I, LLC - Servicing

**Routing/Transit #: 122105980**

**Beneficiary Account Number: 8010744103**

**WARNING – FRAUD NOTICE:**

Email hacking and fraud are on the rise to fraudulently misdirect funds. Please Always independently confirm wiring instructions in person or via phone call to a trusted and verified phone number. **Never wire money without double-checking that the wiring instructions are correct. We are not responsible for any wires sent by you to an incorrect bank account.**

FORM 9

## REQUEST FOR VERIFICATION OF RENT OR MORTGAGE

We have received an application for a loan from the applicant listed below, to whom we understand you rent or have extended a loan
INSTRUCTIONS: LENDER- Complete items 1 thru 8. Have applicant(s) complete item 9. Forward directly to lender named in item 1.
LANDLORD/CREDITOR- Please complete Part II as applicable. Sign and return directly to the lender named in item 2.

| 1.TO (Name and address of Landlord/Creditor) | 2. FROM (Name and address of lender) |
|---|---|
| Capital Fund I, LLC 14555 N Scottsdale Rd #200 Scottsdale, AZ 85254 (480) 889-6100 | National Loan Funding LLC 1201 E Cesar Chavez St Austin, TX 78702 |

| 3.SIGNATURE OF LENDER | 4. TITLE | 5.DATE | 6.LENDERS NUMBER |
|---|---|---|---|
| Elise Griffin | Lender Analyst | 5/7/24 | 210-240-3698 |

### 7. INFORMATION TO BE VERIFIED

| | PROPERTY ADDRESS | ACCOUNT IN THE NAME OF | ACCOUNT NO. |
|---|---|---|---|
| X MORTGAGE<br>___LAND CONTRACT<br>___RENTAL<br>___OTHER | 3944 Queens Ct Garland TX 75043 & 3946 Garland TX 75043 | Celestine Anyanka | Loan Number: 23692 |

| 8.NAME AND ADDRESS OF APPLICANT(S) | 9. SIGNATURE OF APPLICANT(S) |
|---|---|
| Victoria Anyanka 702 Intrepid Drive Garland TX 75043 | |

| RENTAL ACCOUNT | X MORTGAGE ACCOUNT      ___LAND CONTRACT | |
|---|---|---|
| Tenant has rented since ___ | Date mortgage originated 9/19/2022 | Interest rate 10.49% |
| To ___ | Original mortgage amount $ 352,000.00 | FIXED X ___ ARM ___ |
| Amount of rent $ ___ per ___ | Current mortgage balance $ 352,000.00 | FHA ___ VA ___ |
| Is rent in arrears ? Yes ___ No ___ | Monthly Payment P & I only $ 3,077.07 | FNMA ___ CONV ___ |
| Number of times 30 days past due* ___ | Payment with taxes and ins. $ ___ | Next pay date 6/1/2024 |
| Is account satisfactory ? Yes ___ No___ | Is mortgage current ? Yes X No ___ | No of late payments* 4 |
| | Is mortgage assumable ? Yes X No ___ | Insurance agent N/A |
| | Satisfactory account ? Yes ___ No X | |

\* Number of times account has been 30 days overdue in the last 12 months

ADDITIONAL INFORMATION WHICH MAY BE OF ASSISTANCE IN DETERMINING APPLICANT(S) CREDIT WORTHINESS

See letter of explanation.

| SIGNATURE OF CREDITOR | TITLE | DATE |
|---|---|---|
| | Vice President of Collections | 5/22/2024 |

The confidentiality of the information you furnished will be preserved except where disclosure of this information is requires by applicable law. The form is to be transmitted directly to the lender and is not to be transmitted through the applicant or any other party.
GFI- form VOM rev 6-5-2002

1

# CAPITAL FUND I LLC.

**Reliable Private Money for Your Real Estate Projects**
14555 N Scottsdale Rd #200 Scottsdale, AZ 85254
(480) 889-6100

3/19/2024

Name: Celestine Anyanka
Loan: 23692
Address: 3944 & 3946 Queens Ct Garland TX 75043

To whom it may concern,

The purpose of this letter is to contextualize the period of delinquency we are reporting on the Verification of Mortgage associated with 3944 & 3946 Queens Ct.

The borrower has entered into an agreement with Capital Fund I that placed a portion of the penalty related charges associated with the non-performance period to be due at the payoff off the loan. Since the establishment of this agreement, payments in the amount of or higher than the standard rate due on the account have been received month-to-month.

Celestine has worked diligently with us to reach a mutually amicable agreement and has demonstrated good faith as a borrower despite the three instances of isolated delinquency.

Best regards,

Samuel Stoffer
Vice President | Collections
Samuel@capitalfund1.com
Direct: 623-303-6292
Office: 480-889-6100

# CAPITAL FUND I LLC.

## Reliable Private Money for Your Real Estate Projects

14555 N Scottsdale Rd #200 Scottsdale, AZ 85254
(480) 889-6100

08/16/2024

Account: 23692
Celestine Anyanka
3944 Queens Ct
Garland, TX 75043

## PAYOFF STATEMENT FOR 08/30/2024

You are authorized to use the following amounts to pay off the above-mentioned loan. Capital Fund I, LLC will create, execute and record a release for the above-mentioned property after receipt of payoff in full. We will forward a copy of the recorded release to title company within 30 days after receiving payoff funds.

| | |
|---|---|
| Next Payment Due | 08/01/2024 |
| Interest Rate | 10.490% |
| Interest Paid-To Date | 07/01/2024 |
| Principal Balance | $352,000.00 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 07/01/2024 To 08/30/2024 | $6,154.14 |
| Unpaid Late Charges | $2,570.25 |
| Accrued Late Charges | $153.85 |
| Unpaid Charges (See itemization attached) | $12,078.79 |
| Prepayment Penalty | $0.00 |
| Other Fees (See itemization attached) | $75.00 |
| Trust Balance | -$0.00 |
| **Payoff Amount** | **$373,032.03** |

If payoff is requested for a date after the 10th of the month and payment has not been made, a late fee will be included. However, please note if payment is made before the 10th, an updated payoff may be requested and will no longer show a late fee.

**Once payoff has been created, auto pay is automatically stopped in anticipation of payoff funds. Please update our team if the transaction is delayed/cancelled for auto pay to be processed on time.**

We reserve the right to amend this demand should any changes occur, that would increase the total payoff amount. **Please note that this demand expires on 08/30/2024**, at which time you are instructed to request a new payoff to ensure loan is paid in full.

**PAYOFF FUNDS ARE ONLY ACCEPTED VIA WIRE OR CASHIER'S CHECK (made payable to: Capital Fund I, LLC)**

Sincerely,

Payoffs Department
(480) 889-6100 | EXT 2022
payoffs@capitalfund1.com

# CAPITAL FUND I LLC.

### Reliable Private Money for Your Real Estate Projects

14555 N Scottsdale Rd #200 Scottsdale, AZ 85254

(480) 889-6100

## ATTENTION- PREVENT SCAMS ALWAYS CALL AND VERIFY WIRING INSTRUCTIONS!!!

## WIRING INSTRUCTIONS:

### WESTERN ALLIANCE BANK

### PO BOX 98814 LAS VEGAS, NV 89193

### Beneficiary Account Name:

### Capital Fund I, LLC - Servicing

### Routing/Transit #: 122105980

### Beneficiary Account Number: 8010744103

**WARNING – FRAUD NOTICE:**

Email hacking and fraud are on the rise to fraudulently misdirect funds. Please Always independently confirm wiring instructions in person or via phone call to a trusted and verified phone number. **Never wire money without double-checking that the wiring instructions are correct. We are not responsible for any wires sent by you to an incorrect bank account.**

# CAPITAL FUND I llc.

Reliable Private Money for Your Real Estate Projects

14555 N Scottsdale Rd #200 Scottsdale, AZ 85254

(480) 889-6100

| | | | ITEMIZATION OF UNPAID CHARGES | | |
|---|---|---|---|---|---|
| Date | Description | Interest Rate | Unpaid Balance | Accrued Interest | Total Due |
| Sep 1, 2023 | Extension Fee 09/01/2023 - 03/01/2024 | 0.000% | $3,520.00 | $0.00 | $3,520.00 |
| Jul 25, 2024 | TS FEE | 0.000% | $1,950.00 | $0.00 | $1,950.00 |
| Aug 16, 2024 | Deferred Default | 0.000% | $6,608.79 | $0.00 | $6,608.79 |
| | | | | Total | $12,078.79 |

| ITEMIZATION OF OTHER FEES | |
|---|---|
| Description | Amount |
| Recording Fee | $75.00 |
| Total | $75.00 |

## BORROWER STATEMENT OF ACCOUNT

# CAPITAL FUND I llc.

Reliable Private Money for Your Real Estate Projects

| | |
|---|---|
| **ACCOUNT NO.** | 23692 |
| **STATEMENT DATE** | 08/19/2024 |

**STATEMENT SUMMARY**

| | |
|---|---|
| Statement Period | All Dates |
| Principal Balance | $352,000.00 |
| Reserve Balance | $0.00 |
| Impound Balance | $0.00 |
| Unpaid Late Charges | $2,816.11 |
| Unpaid Charges | $12,078.79 |
| Unpaid Interest | $0.00 |
| Regular Payment | $3,077.07 |
| Note Rate | 10.490% |
| Interest Paid in 2024 | $26,845.95 |
| Property: 3944 Queens Ct Garland TX 75075 | |

**BORROWER**

Celestine Anyanka
702 Intrepid Dr
Garland TX 75043

Please advise us immediately of any discrepancies in the transactions or investment activity on your statement of account or if you contemplate changing your address. When making inquiries by telephone or in writing please give your account number. We urge you to keep this statement with your investment records.

## ACCOUNT ACTIVITY

| Transaction Date | Pmt Due Date | Reference | Description | Transaction Amount | Interest | Principal | Late Chgs | Other | Trust | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Balance Forward | | | | | | | $352,000.00 |
| 09/20/2022 | | Import Adj | Late Charge | $2,681.90 | $0.00 | $0.00 | $2,681.90 | $0.00 | $0.00 | $352,000.00 |
| 09/20/2022 | 10/01/2022 | 23692 | Payment - Thank You | $5,147.26 | $1,128.26 | $0.00 | $0.00 | $4,019.00 | $0.00 | $352,000.00 |
| 11/30/2022 | 11/01/2022 | 3315 | Payment - Thank You | $3,078.00 | $3,077.07 | $0.00 | $0.93 | $0.00 | $0.00 | $352,000.00 |
| 11/30/2022 | | 3315 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 12/30/2022 | 12/01/2022 | 3316 | Payment - Thank You | $3,229.95 | $3,077.07 | $0.00 | $152.88 | $0.00 | $0.00 | $352,000.00 |
| 12/30/2022 | | 3316 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 01/31/2023 | 01/01/2023 | 3317 | Payment - Thank You | $3,077.07 | $3,077.07 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 01/31/2023 | | 3317 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 02/28/2023 | 02/01/2023 | 3318 | Payment - Thank You | $3,338.00 | $3,077.07 | $0.00 | $260.93 | $0.00 | $0.00 | $352,000.00 |
| 02/28/2023 | | 3318 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 03/31/2023 | 03/01/2023 | 3319 | Payment - Thank You | $3,077.07 | $3,077.07 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 03/31/2023 | | 3319 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 04/28/2023 | 04/01/2023 | 3320 | Payment - Thank You | $2,795.45 | $2,795.45 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 04/28/2023 | | 3320 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 06/30/2023 | 05/01/2023 | 3321 | Payment - Thank You | $3,077.07 | $3,077.07 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 06/30/2023 | | 3321 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 07/31/2023 | 06/01/2023 | 3322 | Payment - Thank You | $3,077.07 | $3,077.07 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 07/31/2023 | | 3322 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 08/31/2023 | 07/01/2023 | 3323 | Payment - Thank You | $6,154.14 | $3,077.07 | $0.00 | $0.00 | $0.00 | $3,077.07 | $352,000.00 |
| 08/31/2023 | | 3323 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 08/31/2023 | 08/01/2023 | 3323 EXCES | Payment - Thank You | $0.00 | $3,077.07 | $0.00 | $0.00 | $0.00 | ($3,077.07) | $352,000.00 |
| 08/31/2023 | | 3323 EXCES | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 09/01/2023 | | | Extension Fee 09/01/2023 - | ($3,520.00) | $0.00 | $0.00 | $0.00 | ($3,520.00) | $0.00 | $352,000.00 |
| 10/16/2023 | 09/01/2023 | 3324 | Payment - Thank You | $5,000.00 | $5,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 10/16/2023 | | 3324 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 11/13/2023 | 10/01/2023 | 3325 | Payment - Thank You | $3,650.00 | $3,650.00 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 11/13/2023 | | 3325 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 12/01/2023 | 11/01/2023 | 3326 | Payment - Thank You | $3,600.00 | $3,600.00 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 12/01/2023 | | 3326 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 12/29/2023 | 12/01/2023 | 3327 | Payment - Thank You | $3,445.16 | $3,445.16 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 12/29/2023 | | 3327 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 12/29/2023 | | 3328 | Payment - Other | $400.00 | $400.00 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 02/13/2024 | 01/01/2024 | 3329 | Payment - Thank You | $3,600.00 | $3,600.00 | $0.00 | $0.00 | $0.00 | $0.00 | $352,000.00 |
| 02/13/2024 | | 3329 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 03/11/2024 | 02/01/2024 | 3330 | Payment - Thank You | $7,300.00 | $3,077.07 | $0.00 | $0.00 | $0.00 | $4,222.93 | $352,000.00 |
| 03/11/2024 | | 3330 | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 03/11/2024 | 03/01/2024 | 3330 EXCES | Payment - Thank You | $0.00 | $4,222.93 | $0.00 | $0.00 | $0.00 | ($4,222.93) | $352,000.00 |
| 03/11/2024 | | 3330 EXCES | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |

## ACCOUNT ACTIVITY

| Transaction Date | Pmt Due Date | Reference | Description | Transaction Amount | Distribution | | | | | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Interest | Principal | Late Chgs | Other | Trust | |
| 05/06/2024 | 04/01/2024 | WIRE | Payment - Thank You | $7,200.00 | $6,714.74 | $0.00 | $0.00 | $0.00 | $485.26 | $352,000.00 |
| 05/06/2024 | | WIRE | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 05/30/2024 | 05/01/2024 | WIRE | Payment - Thank You | $2,591.81 | $3,077.07 | $0.00 | $0.00 | $0.00 | ($485.26) | $352,000.00 |
| 05/30/2024 | | WIRE | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 06/10/2024 | 06/01/2024 | WIRE | Payment - Thank You | $3,200.00 | $3,077.07 | $0.00 | $122.93 | $0.00 | $0.00 | $352,000.00 |
| 06/10/2024 | | | Charge Adjustment | ($499.00) | $0.00 | $0.00 | $0.00 | ($499.00) | $0.00 | $352,000.00 |
| 06/10/2024 | | | Charge Adjustment | ($3,520.00) | $0.00 | $0.00 | $0.00 | ($3,520.00) | $0.00 | $352,000.00 |
| 07/01/2024 | 07/01/2024 | WIRE | Payment - Thank You | $3,200.00 | $3,077.07 | $0.00 | $122.93 | $0.00 | $0.00 | $352,000.00 |
| 07/01/2024 | | | Charge Adjustment | $3,520.00 | $0.00 | $0.00 | $0.00 | $3,520.00 | $0.00 | $352,000.00 |
| 07/01/2024 | | | Charge Adjustment | ($3,520.00) | $0.00 | $0.00 | $0.00 | ($3,520.00) | $0.00 | $352,000.00 |
| 07/25/2024 | | TS FEE | TS FEE | ($1,950.00) | $0.00 | $0.00 | $0.00 | ($1,950.00) | $0.00 | $352,000.00 |
| 08/16/2024 | | LF | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 08/16/2024 | | LF | Late Charge | ($153.85) | $0.00 | $0.00 | ($153.85) | $0.00 | $0.00 | $352,000.00 |
| 08/16/2024 | | Deferred | Deferred Default | ($6,608.79) | $0.00 | $0.00 | $0.00 | ($6,608.79) | $0.00 | $352,000.00 |
| | | | | $74,558.45 | | $0.00 | $111.65 | ($12,078.79) | $0.00 | |

## OUTSTANDING CHARGES AND ADVANCES

| Date of Charge | Reference | Description | Interest Rate | Original Amount | Unpaid Balance | Accrued Interest | Total Amount Due |
|---|---|---|---|---|---|---|---|
| 09/01/2023 | | Extension Fee 09/01/2023 - 03/01/2024 | 0.00000000 | 3520.00 | 3520.00 | 0 | 3520.00 |
| 07/25/2024 | TS FEE | TS FEE | 0.00000000 | 1950.00 | 1950.00 | 0 | 1950.00 |
| 08/16/2024 | Deferred | Deferred Default | 0.00000000 | 6608.79 | 6608.79 | 0 | 6608.79 |
| | | | | 12078.79 | 12078.79 | 0 | 12078.79 |

DATE:

3944 & 3946 Queens Ct
Garland TX 75043

9/29/2023

Property:

Loan Number: **23692**

This extension agreement is by and between **Celestine Anyanka** ("Borrower")
and Capital Fund I, LLC ("Lender).

WHEREAS, Borrower previously executed a Promissory Note and Deed of Trust in an original principal amount of $ 352,000.00   dated 9/19/2022  . The Borrower and Lender wish to modify the Promissory Note in accordance with the terms and conditions contained herein.

1. If not sooner paid, the entire unpaid balance of principal and accrued interest shall be due and payable on  3/1/2024
2. The regular interest-only payment based on the outstanding principal balance shall continue to be payable in regular monthly installments, at the interest rate agreed upon in the Promissory Note, due the first of every month until the loan becomes due or is paid in full.
3. Borrower agrees to pay $ 3,520.00  for the extension of this loan.

All other terms and conditions of the Promissory Note and Deed of Trust are to remain the same. This modification is for the sole purpose of extending the due date of the loan.

Borrower also recertifies, as agreed to in the Borrower Certification Agreement when the loan was originated, that Borrower hereby acknowledges that the financing being provided is being used for the acquisition or refinance of an Investment Property. If the subject property is a Single-Family Residence, Townhouse or Condominium, Borrower expressly warrants to Lender that the property represents a commercial purchase, for profit venture, and that Borrower will not and has no intention of occupying the property as a primary or secondary personal residence.

Borrower, therefore, expressly waives his/her Homestead that is exempt from attachment, execution and forced sale as expressed in ARS 33-1101, et. Seq. Borrower makes this Declaration and enters into this agreement of his/her own free will and has not been induced, compelled or coerced in any form whatsoever.

Borrower agrees and acknowledges that this Borrower Certificate and the representations contained herein are a material inducement for Lender to fund the subject loan, and Borrower acknowledges that Lender would not have considered funding the loan if this certification and representation was not tendered by Borrower.

Borrower understands that the Lender is providing Private Money for loan funds and that the Lender is a private money source. Borrower certifies that the loan funds provided will in no way be considered a "Consumer Loan" because Borrower is representing himself or herself as a Professional Real Estate Investor. Borrower acknowledges that he/she had multiple sources for the fund of the subject loan and selected the Lender for various business and economic reasons.

This agreement may be signed in counterpart. AGREED AND ACCEPTED this **Sep 29, 2023**

Celestine Anyanka (Sep 29, 2023 15:47 CDT)

BY: Celestine Anyanka, Borrower

# Exhibit

# C-2

Cause No. DC-24-13815

| | | |
|---|---|---|
| CELESTINE ANYANKA and VICTORIA ANYANKA, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| V. | § § | NO. 162 OF |
| CAPITAL FUND REIT, LLC | § § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

Celesti and Veronica Anyanka, ("Plaintiffs(s)") in this cause, have filed a verified

petition for a temporary injunction and, in connection therewith, has presented a request

for a temporary restraining order, as set forth in Plaintiff's Original Verified Petition. It

appears from the facts set forth in Plaintiff's Verified Petition that unless Capital Fund

REIT, LLC ("Defendant(s)") are immediately restrained from conducting the foreclosure

sale scheduled for Tuesday, September 3rd, 2024 in Dallas County, Texas and from re-

posting and re-noticing for the July foreclosure auction for the property located at 3944 &

3946 Queens Ct., Garland, Texas 75043 (the "Property"), Defendants will likely commit

or likely have committed the following acts stated in Plaintiffs' Verified Petition,

specifically that: Defendant violated section 51.002 of the Texas Property Code, including

that the lender or lender's servicer did not mail, via certified mail, the notice of acceleration

to Plaintiff; Defendant violated the periodic statement rule by not sending out any monthly

statements in any format after the first three were sent to the Plaintiff; Defendant further

violated section 51.002 of the Texas Property Code by not providing notice of the

foreclosure auction to all known borrowers; and Defendant further breached its contract

with the Plaintiff by failing to correctly account for all payments made; and that if the

commission of these acts is not restrained immediately, Plaintiff will suffer irreparable injury because Defendants will cause Plaintiff imminent harm and irreparable injury as described in Plaintiff's petition.

IT IS, THEREFORE, ORDERED that Defendants, in this cause, be, and hereby are, commanded forthwith to desist and refrain from, and immediately restrained from, conducting: any foreclosure sale (including but not limited to the September 3rd, 2024 foreclosure auction) foreclosure proceedings, or foreclosure postings against the Property from the date of entry of this order, which shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed in the order, for good cause shown, the order is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

IT IS FURTHER ORDERED that the petition of Plaintiff for temporary injunction be heard before the Honorable Judge of the above-named Court, on the _____ day of September, 2024, at ___:____ o'clock a.m./p.m., in the courtroom of the 162nd District Court of Dallas County, Texas, in the Dallas County Courthouse.

IT IS FURTHER ORDERED that Plaintiffs be required to post a bond of _____ with the clerk for this Temporary Restraining Order to issue.

The clerk of the above-entitled Court shall forthwith issue a temporary restraining order in conformity with the law and the terms of this order.

SIGNED this the _____ day of _____, 2024 at _____ o'clock ___.m.


_____
PRESIDING JUDGE

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Ryan Daniel
Bar No. 24090604
ryan@ryandaniellaw.com
Envelope ID: 91509359
Filing Code Description: Non-Signed Proposed Order/Judgment
Filing Description: PROPOSED TEMPORARY RESTRAINING ORDER
AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION
Status as of 8/30/2024 10:29 AM CST

Associated Case Party: VERONICA ANYANKA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Daniel | | ryan@ryandaniellaw.com | 8/30/2024 10:05:10 AM | SENT |

Associated Case Party: CAPITAL FUND REIT, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Travis Gray | | travis@jackoboyle.com | 8/30/2024 10:05:10 AM | SENT |
| Jack Boyle | | jack@jackoboyle.com | 8/30/2024 10:05:10 AM | SENT |
| Chris Ferguson | | chris@jackoboyle.com | 8/30/2024 10:05:10 AM | ERROR |

# Exhibit
# C-3

Cause No. DC-24-13815

| | | |
|---|---|---|
| CELESTINE ANYANKA and<br>VICTORIA ANYANKA, | §<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs, | §<br>§ | |
| V. | §<br>§ | NO. 162 OF |
| CAPITAL FUND REIT, LLC | §<br>§ | |
| Defendant(s). | §<br>§ | DALLAS COUNTY, TEXAS |

## <u>TEMPORARY RESTRAINING ORDER AND</u>
## <u>ORDER SETTING HEARING FOR TEMPORARY INJUNCTION</u>

Celesti and Veronica Anyanka, ("Plaintiffs(s)") in this cause, have filed a verified

petition for a temporary injunction and, in connection therewith, has presented a request

for a temporary restraining order, as set forth in Plaintiff's Original Verified Petition. It

appears from the facts set forth in Plaintiff's Verified Petition that unless Capital Fund

REIT, LLC ("Defendant(s)") are immediately restrained from conducting the foreclosure

sale scheduled for Tuesday, September 3rd, 2024 in Dallas County, Texas and from re-

posting and re-noticing for the July foreclosure auction for the property located at 3944 &

3946 Queens Ct., Garland, Texas 75043 (the "Property"), Defendants will likely commit

or likely have committed the following acts stated in Plaintiffs' Verified Petition,

specifically that: Defendant violated section 51.002 of the Texas Property Code, including

that the lender or lender's servicer did not mail, via certified mail, the notice of acceleration

to Plaintiff; Defendant violated the periodic statement rule by not sending out any monthly

statements in any format after the first three were sent to the Plaintiff; Defendant further

violated section 51.002 of the Texas Property Code by not providing notice of the

foreclosure auction to all known borrowers; and Defendant further breached its contract

with the Plaintiff by failing to correctly account for all payments made; and that if the

commission of these acts is not restrained immediately, Plaintiff will suffer irreparable injury because Defendants will cause Plaintiff imminent harm and irreparable injury as described in Plaintiff's petition.

IT IS, THEREFORE, ORDERED that Defendants, in this cause, be, and hereby are, commanded forthwith to desist and refrain from, and immediately restrained from, conducting: any foreclosure sale (including but not limited to the September 3rd, 2024 foreclosure auction) foreclosure proceedings, or foreclosure postings against the Property from the date of entry of this order, which shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed in the order, for good cause shown, the order is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

IT IS FURTHER ORDERED that the petition of Plaintiff for temporary injunction be heard before the Honorable Judge of the above-named Court, on the 13th day of September, 2024, at 1:00 o'clock a.m./p.m., in the courtroom of the 162nd District Court of Dallas County, Texas, in the Dallas County Courthouse.

IT IS FURTHER ORDERED that Plaintiffs be required to post a bond of $100.00 with the clerk for this Temporary Restraining Order to issue.

The clerk of the above-entitled Court shall forthwith issue a temporary restraining order in conformity with the law and the terms of this order.

SIGNED this the 30 day of August, 2024 at 12:15 o'clock p.m.

_____
PRESIDING JUDGE

2

# Exhibit

# C-4

TEMPORARY RESTRAINING ORDER – Form 322

# THE STATE OF TEXAS

TO     <u>CAPITAL FUND REIT, LLC</u>

     WHEREAS, in a certain suit pending in the District Court of the <u>162nd District Court</u> of Texas, wherein <u>CELESTI ANYANKA</u> <u>AND VICTORIA ANYANKA</u> Plaintiff (s) and <u>CAPITAL FUND REIT, LLC</u> Defendant (s), and the said <u>CELESTINE ANYANKA</u> <u>AND VICTORIA ANYANKA</u> Prayed for and obtained from the Hon. <u>NICOLE MUNOZ</u> Associate Judge of the <u>162nd District Court,</u> his most gracious TEMPORARY RESTRAINING ORDER and the said having given bond, as required by the fiat of the judge of the <u>162nd District Court</u>

     Now, therefore, you, the said <u>CAPITAL FUND REIT, LLC</u> your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to DESIST and REFRAIN from <u>SEE ATTACHED COPY OF TRO</u>

until further order of the District Court to be holden within and for the County of Dallas

Judicial District of Texas at the Courthouse thereof, in the City of Dallas, at <u>1:00 P.M. ON THE 13TH DAY OF SEPTEMBER 2024,</u> when and where this writ is returnable.

The ZOOM and TEAMS; court's designated contact information made available by visiting <u>https://www.dallascounty.org/government/courts/.</u> Evidence in this case must be submitted according to the Texas Rules of Evidence and local rules and standing orders published at <u>https://txcourts.gov/rules-forms.</u> Alternatively, the information will be available to the parties and counsel at the time the Hearing is set.

HEREIN FAIL NOT, under the penalty of the law.

     WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas.

     Given under my hand and the seal of said Court, at office in the City of Dallas, **ON THIS THE 30TH DAY OF AUGUST, 2024.**

         Attest:      FELICIA PITRE
                 Clerk, District Courts, Dallas County, Texas.

By <u>ALICE TORRES</u>      Deputy



**SHERIFF'S RETURN**

Came to hand on the _____ day of _____ 20____ at
_____ o'clock _____ M., and executed the _____ day of _____ 20____ at
_____ o'clock _____ M., by delivering to _____

the within named defendant _____ in person, a true copy of this writ.

_____
_____
_____
_____

_____ County, Texas.

_____ Sheriff

By _____ Deputy

FEES:
Serving Copy $ _____
Mileage $ _____
Total $ _____

---

**ATTY** _____

No. **DC-24-13815**

**IN**

**162nd District Court**

**CELESTI ANYANKA, ET AL**
**VS.**
**CAPITAL FUND REIT, LLC**

Temporary Restraining Order

**ISSUED**
**ON THIS THE 30TH DAY OF AUGUST,**
**2024**

FELICIA PITRE
Clerk, District courts, Dallas County, Texas
By **ALICE TORRES**, Deputy

**RYAN DANIEL**
**1525 US HWY 380**
**SUITE 500**
**FRISCO TX 75033**
**469-688-0621**

DALLAS COUNTY
**FEES** **FEES NOT**
**PAID** **PAID**

Form 375—NOTICE TO SHOW CAUSE

SUIT PENDING IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS

No. **DC-24-13815**

CELESTI ANYANKA, ET AL

VS.

CAPITAL FUND REIT, LLC

# THE STATE OF TEXAS

To: **CAPITAL FUND REIT, LLC**

YOU ARE HEREBY COMMANDED TO BE AND APPEAR BEFORE THE HONORABLE JUDGE OF THE **162ND DISTRICT COURT** OF TEXAS, at the Courthouse in Dallas, Texas, on **SEPTEMBER 13, 2024 AT 1:00 P.M.**, THEN AND THERE TO SHOW CAUSE, if any, WHY **TEMPORARY INJUNCTION PRAYED FOR SHOULD NOT BE GRANTED**

The ZOOM and TEAMS; court's designated contact information made available by visiting https://www.dallascounty.org/government/courts/. Evidence in this case must be submitted according to the Texas Rules of Evidence and local rules and standing orders published at https://txcourts.gov/rules-forms. Alternatively, the information will be available to the parties and counsel at the time the Hearing is set.

Herein Fail Not, but of this writ, and how you have executed the same, make due return.

WITNESS: FELICIA PITRE, Clerk of the District Court of Dallas County, Texas.

Given under my hand and seal of office, at Dallas, **ON THIS THE 30TH DAY OF AUGUST, 2024.**

Attest:      FELICIA PITRE
Clerk, District Courts, Dallas County, Texas


**ALICE TORRES**

_____, Deputy.

ATTY

No. : DC-24-13815

CELESTI ANYANKA, ET AL

vs.

CAPITAL FUND REIT, LLC

# NOTICE

ISSUED

ON THIS THE 30TH DAY OF AUGUST, 2024

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By ALICE TORRES, Deputy

RYAN DANIEL
1525 US HWY 380 SUITE 500
FRISCO TX 75033
469-688-0621

DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID            PAID

---

SHERIFF'S RETURN

Came to hand on the _____ day of _____ A.D. 20 ____, and
executed on the _____ day of _____ A.D. 20 ____, by delivering to

this Notice.

the within named _____ , in person, a true copy of

_____
Sheriff, Dallas County, Texas

By _____ Deputy.

FEES:

Serving Notice    $ _____
Mileage           $ _____

# Exhibit

# C-5

FILED
8/30/2024 10:46 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Elizabeth Ferguson DEPUTY

Cause No. DC-24-13815

| | | |
|---|---|---|
| CELESTINE ANYANKA and<br>VICTORIA ANYANKA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | NO. 162 OF |
| | § | |
| CAPITAL FUND REIT, LLC | § | |
| | § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## CERTIFICATE OF COUNSEL

By his signature below, the undersigned counsel represents that Defendants appear to be represented by counsel in the foreclosure. Defendant's counsel, **Jack O-Boyle & Associates, PLLC**, has been notified of this application and proposed Temporary Restraining Order at least 2 hours prior to Plaintiffs presenting this application and proposed order before the Court via e-mail to jack@jackoboyle.com, travis@jackoboyle.com, and chris@jackoboyle.com, which are email addresses included on the notice of foreclosure. Counsel has also advised the Defendant, through the above noted counsel, of the noon zoom hearing for the TRO request at 10:23 a.m. via email.

Circumstances do not permit additional efforts to give notice.

_/s/ Ryan Daniel_____
Ryan Daniel, Attorney at Law, PLLC

## VERFICATION UNDER CPRC 132.001

My name is Ryan Daniel. My date of birth is August 21st, 1983 and my address is 1525 US Hwy 380, Suite 500 #102, Frisco, Texas 75033. I declare under penalty of perjury that the facts stated herein are true and correct.

Signed in Denton County, Texas.

Signature:_____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ryan Daniel
Bar No. 24090604
ryan@ryandaniellaw.com
Envelope ID: 91512651
Filing Code Description: Certificate Of Attorney
Filing Description: FOR DEFENDANT RE: TRO NOTICE
Status as of 8/31/2024 8:53 AM CST

Associated Case Party: VERONICA ANYANKA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Daniel | | ryan@ryandaniellaw.com | 8/30/2024 10:46:06 AM | SENT |

Associated Case Party: CAPITAL FUND REIT, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jack Boyle | | jack@jackoboyle.com | 8/30/2024 10:46:06 AM | SENT |
| Travis Gray | | travis@jackoboyle.com | 8/30/2024 10:46:06 AM | SENT |
| Chris Ferguson | | chris@jackoboyle.com | 8/30/2024 10:46:06 AM | ERROR |

# Exhibit

# C-6

9/4/24, 4:27 PM Jackoboyle.com Mail - Filing Submitted for Case: DC-24-13815; CELESTI ANYANKA, et al vs. CAPITAL FUND REIT, LLC; Envelope…

Case 3:24-cv-02267-L-BW    Document 1-3    Filed 09/04/24    Page 78 of 89    PageID 97



Travis Gray <travis@jackoboyle.com>

## Filing Submitted for Case: DC-24-13815; CELESTI ANYANKA, et al vs. CAPITAL FUND REIT, LLC; Envelope Number: 91648912

1 message

**no-reply@efilingmail.tylertech.cloud** <no-reply@efilingmail.tylertech.cloud>
To: eviction@jackoboyle.com

Wed, Sep 4, 2024 at 4:22 PM



# Filing Submitted

Envelope Number: 91648912
Case Number: DC-24-13815
Case Style: CELESTI ANYANKA, et al vs. CAPITAL FUND
REIT, LLC

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| Court | Dallas County - District Clerk - Civil |
| Date/Time Submitted | 9/4/2024 4:21 PM CST |
| Filing Type | Answer/Response |
| Filing Description | FIRST ORIGINAL ANSWER OF DEFENDANT CAPITAL FUND REIT, LLC |
| Type of Filing | EFile |
| Filed By | Travis Gray |
| Filing Attorney | Travis Gray |

| Fee Details | |
|---|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay. | |
| If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). | |
| This envelope is pending review and fees may change. | |
| Case Fee Information | $0.00 |
| Answer/Response | $0.00 |
| **Total:**$0.00 (The envelope still has pending filings and the fees are subject to change) | |

| Document Details | |
|---|---|
| Lead Document | ANYANKA_ANSWER (STATE CT).pdf |
| Lead Document Page Count | 5 |
| File Copy | Download Document |
| This link is active for 45 days. | |

For technical assistance, contact your service provider

9/4/24, 4:27 PM          Jackoboyle.com Mail - Filing Submitted for Case: DC-24-13815; CELESTI ANYANKA, et al vs. CAPITAL FUND REIT, LLC; Envelope...

Case 3:24-cv-02267-L-BW          Document 1-3          Filed 09/04/24          Page 79 of 89          PageID 98



Need Help? Help
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.

CASE NO.: DC-24-13815

| | | |
|---|---|---|
| CELESTINE ANYANKA, | § | IN THE 162ND |
| VERONICA ANYANKA | § | |
| | § | DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| CAPITAL FUND REIT, LLC | § | DALLAS COUNTY, TEXAS |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## FIRST ORIGINAL ANSWER OF DEFENDANT CAPITAL FUND REIT, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CAPITAL FUND REIT, LLC ("CAP REIT" or "Defendant"), Defendant in the above styled and numbered cause, and in this Answer to Plaintiffs' Original Petition would respectfully show the Court as follows:

## I.    GENERAL DENIAL

1.    Pursuant to Tex. R. Civ. P. 92, Defendant CAPITAL FUND REIT, LLC denies each, every, all and singular, allegations contained in Plaintiffs' Original Petition and demands strict proof thereof by a preponderance of the credible evidence and/or by clear and convincing evidence as required by the laws and constitutions of the State of Texas and of the United States of America.

## II.   <u>AFFIRMATIVE DEFENSES</u>

2.     Defendant CAPITAL FUND REIT, LLC asserts the following affirmative defenses to Plaintiff's allegations:

i.      Plaintiffs' claims are groundless and brought in bad faith;

ii.     Plaintiffs have failed to state a claim upon which relief can be granted;

iii.    Plaintiffs' claims are barred in whole or in part by its failure to provide timely and adequate notice of its claims;

iv.    Plaintiffs' claims are barred in whole or in part by the doctrines of wavier, estoppel, and ratification;

v.     Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel by contract;

vi.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and the doctrine of laches;

vii.   Plaintiffs' claims are barred in whole or in part by its failure to mitigate the alleged damages;

viii.  Plaintiff's claims are barred in whole or in part by its own negligence;

ix.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands;

x.     Defendant CAPITAL FUND REIT, LLC denies that the conditions precedent to bringing this action have been performed or have occurred;

xi.    Defendant CAPITAL FUND REIT, LLC affirmatively asserts that any evidence of any prior or contemporaneous negotiations or agreements

and Plaintiffs' allegations with respect to such negotiations and agreements are inadmissible and barred by the parole evidence rule;

xii.    Defendant CAPITAL FUND REIT, LLC affirmatively asserts that any evidence of any oral agreement is barred by the Statute of Frauds;

xiii.    Defendant CAPITAL FUND REIT, LLC affirmatively asserts that Plaintiffs lack standing to bring any cause of action against Defendant CAPITAL FUND REIT, LLC;

xiv.    Defendant CAPITAL FUND REIT, LLC affirmatively asserts that Plaintiffs' claims are barred by res judicata.

## III.    REQUEST FOR DISCLOSURE

3.    Pursuant to Rule 194 of Texas Rules of Civil Procedure, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

## IV.    RESERVATION OF RIGHTS

4.    Defendant CAPITAL FUND REIT, LLC reserves its right to amend its Answer as may be authorized by the Court, and as may be permitted by the Texas Rules of Civil Procedure.

## V.    RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Defendant CAPITAL FUND REIT, LLC prays that this Honorable Court render an order:

i.    That Plaintiffs take nothing on Plaintiffs' Original Petition as to Defendant CAPITAL FUND REIT, LLC;

ii.    That Defendant CAPITAL FUND REIT, LLC be awarded attorney's fees

for defense of this suit as expressly allowed for in the underlying security

instrument / Deed of Trust and pursuant to Texas law; and

iii.    That this Honorable Court award Defendant CAPITAL FUND REIT, LLC

any and all other relief to which it is justly entitled.


*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES, PLLC


  */s/ Travis H. Gray*
Travis H. Gray
SBN: 24044965
travis@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653
F: 972.247.0642
*ATTORNEYS FOR DEFENDANT CAPITAL
FUND REIT, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served by hand delivery, facsimile, or by certified mail, return receipt requested, and regular mail, on all parties or their counsel of record in accordance with the Texas Rules of Civil Procedure on September 4, 2024.

Ryan Daniel
RYAN DANIEL LAW
SBN: 24090604
1525 US Hwy 380, Suite 500 #102
FRISCO, TX 75033
P: 469.688.0621
E: ryan@ryandaniellaw.com
COUNSEL FOR PLAINTIFFS
CELESTINE ANYANKA, VERONICA ANYANKA

*/s/ Travis H. Gray*
Travis H. Gray

# Exhibit

# C-7

# Case Information

DC-24-13815 | CELESTI ANYANKA, et al vs. CAPITAL FUND REIT, LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-24-13815 | 162nd District Court | WYSOCKI, ASHLEY |
| File Date | Case Type | Case Status |
| 08/29/2024 | PROPERTY | OPEN |

# Party

PLAINTIFF
ANYANKA, CELESTI

Active Attorneys ▾
Lead Attorney
DANIEL, RYAN AARON
Retained

PLAINTIFF
ANYANKA, VERONICA

Active Attorneys ▾
Lead Attorney
DANIEL, RYAN AARON
Retained

DEFENDANT
CAPITAL FUND REIT, LLC

## Bond

| Bond Type | Bond Number | Bond Amount | Current Bond Status |
|---|---|---|---|
| TRO CASH BOND | | $100.00 | POSTED |

## Events and Hearings

08/29/2024 NEW CASE FILED (OCA) - CIVIL

08/29/2024 ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

08/30/2024 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

Comment
PROPOSED TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

08/30/2024 ORDER - TEMPORARY RESTRAINING ▾

ORDER - TEMPORARY RESTRAINING

Comment
AND ORDER SETTING HEARING FOR TEMPORAY INJUNCTION

08/30/2024 BOND FILED

08/30/2024 ISSUE TRO ▾

ISSUE TRO-CAPITAL FUND REIT, LLC

08/30/2024 ISSUE NOTICE ▾

ISSUE NOTICE-CAPITAL FUND REIT, LLC

08/30/2024 CERTIFICATE OF ATTORNEY ▾

CERTIFICATE OF COUNSEL FOR DEFENDANT RE: TRO NOTICE

Comment
FOR DEFENDANT RE: TRO NOTICE

08/30/2024 TEMPORARY RESTRAINING ORDER ▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method
Comment
CAPITAL FUND REIT, LLC

08/30/2024 NOTICE ▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method
Comment
CAPITAL FUND REIT, LLC

11/15/2024 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
WYSOCKI, ASHLEY

Hearing Time
10:00 AM

## Financial

ANYANKA, CELESTI

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $371.00 |
| | Total Payments and Credits | | | $371.00 |
| | | | | |
| 8/29/2024 | Transaction Assessment | | | $350.00 |
| 8/29/2024 | CREDIT CARD - TEXFILE (DC) | Receipt # 59542-2024-DCLK | ANYANKA, CELESTI | ($213.00) |

| 8/29/2024 | STATE CREDIT | | | ($137.00) |
| 8/30/2024 | Transaction Assessment | | | $5.00 |
| 8/30/2024 | PAYMENT (CASE FEES) | Receipt # 59860-2024-DCLK | ANYANKA, CELESTI | ($5.00) |
| 8/30/2024 | Transaction Assessment | | | $16.00 |
| 8/30/2024 | PAYMENT (CASE FEES) | Receipt # 59893-2024-DCLK | ANYANKA, CELESTI | ($16.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAING ORDER

PROPOSED TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

ORDER - TEMPORARY RESTRAINING

ISSUE NOTICE-CAPITAL FUND REIT, LLC

ISSUE TRO-CAPITAL FUND REIT, LLC

CERTIFICATE OF COUNSEL FOR DEFENDANT RE: TRO NOTICE