IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELESTINE ANYANKA, et al.<br>Plaintiffs, | § § § | |
| V. | § § | No. 3:24-CV-2267-L-BW |
| CAPITAL FUND REIT, LLC,<br>Defendant. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Capital REIT LLC's Motion for Summary Judgment. (Dkt. No. 4.) Plaintiffs have not responded to the motion. For the reasons that follow, the undersigned recommends that the District Judge grant the motion and dismiss Plaintiffs' claims with prejudice.

## I. BACKGROUND

**A.   Procedural Background.**

Plaintiffs Celestine Anyanka and Veronica Anyanka, represented by counsel, filed this action against Defendant Capital Fund REIT, LLC in the 162nd District Court of Dallas County, Texas on August 29, 2024, alleging that they own property that is under threat of unlawful foreclosure and sale by Defendant. (Dkt. No. 1-3 at 6-9 ("Compl.").)[1] Plaintiffs advance four causes of action and seek injunctive relief. (*See* Dkt. No. 1-3 at 6-15.) In their first cause of action, Plaintiffs allege that

---

[1] The Court cites the Complaint by page numbers assigned by the ECF system and displayed at top of each page.

Defendant violated Texas Property Code § 51.002 by failing to send Plaintiffs notice of acceleration of the loan because, "to the best of Plaintiff's knowledge and memory, no such notice was sent." (*Id.* at 12.) Based on the alleged failure to send notice, Plaintiffs request declaratory relief that Defendant is not entitled to foreclosure. (*Id.*) In their second cause of action, Plaintiffs allege that Defendant violated the Truth in Lending Act, 12 U.S.C. § 2605, by failing to send periodic account statements on the debt. (*Id.*) In their third claim, Plaintiffs aver that Defendant violated Texas Property Code § 51.002(b)(3) by failing to give notice of acceleration to Plaintiff Celestine Anyanka's wife, Plaintiff Veronica Anyanka. (*Id.* at 13-14.) In their fourth claim, Plaintiffs allege breach of contract based on assertions that Defendant failed to properly account for or apply Plaintiffs' payments as provided in the agreement. (*Id.* at 14-15.)

Defendant removed this action on September 4, 2024, (*see* Dkt. No. 1), and, on September 29, filed a Motion for Summary Judgment, (Dkt. No. 4). Defendant also filed a brief in support of its summary judgment motion and an appendix of evidence. (*See* Dkt. Nos. 5 ("Br."), 6 ("App.").[2] Plaintiffs have not responded to the summary judgment motion.

---

[2] Defendant's appendix does not comply with N.D. Tex. L.R. 56.6(b)(3)'s requirement that each page "must be numbered sequentially[.]" Although the undersigned does not strike the appendix for failure to comply with local rules, *see Streat v. Hammond*, No. 3:07-CV-1882-P, 2009 WL 10678838, at *1 n.1 (N.D. Tex. Oct. 26, 2009), it points out the noncompliance to emphasize the importance of compliance and encourage counsel to adhere to this rule in the future. The local rule's requirement "streamlines the resolution of motions by making it easier for the court to locate materials in appendices that are relied on by the parties." *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2019 WL 8938266, at

On November 7, 2024, Defendant filed a suggestion of bankruptcy advising that Plaintiff Celestine Anyanka had filed Case No. 24-33586 in the U.S. Bankruptcy Court for the Northern District of Texas. (Dkt. No. 8.) The Court ordered the parties to submit briefs concerning whether the automatic stay in 11 U.S.C. § 362 affects these proceedings. (Dkt. No. 10.) Defendant filed its response stating that the automatic stay does not interfere with the procession of this case, which is comprised only of claims prosecuted by the debtor in bankruptcy. (*See* Dkt. No. 11.) Plaintiffs have not filed a brief despite having twice been ordered to do so and therefore have not disputed that this case may proceed. (*See* Dkt. Nos. 10, 12.) The undersigned concludes that the bankruptcy proceeding does not preclude the Court from taking action in this case. *See Jorrie v. Bank of New York Mellon Tr. Co., N.A.*, 740 F. App'x 809, 812 (5th Cir. 2018) (holding plaintiff's bankruptcy filing did not forestall the case because "11 U.S.C. § 362(a)'s automatic stay applies only to judicial proceedings that are '*against* the debtor'").

This case has been referred to the undersigned United States magistrate judge for pretrial management, including for findings, conclusions, and a recommendation for disposition of claim-dispositive motions. (*See* Dkt. No. 2.)

---

*6 n.10 (N.D. Tex. May 16, 2019). The undersigned pinpoint cites Defendant's appendix as "App. [##]," with ## corresponding to the page number assigned by the ECF filing system and displayed that the top of each page.

**B.     Undisputed Facts.**[3]

On September 19, 2022, Plaintiff Celestine Anyanka obtained a loan for $352,000 to purchase a property at 3944 and 3946 Queens Court in Garland, Texas. (App. 10, 15, 18, 28.)  The promissory note and deed of trust both state that Mr. Anyanka made this purchase as "a married man as his sole and separate property." (App. 10, 17.)  The terms of the promissory note provide that Mr. Anyanka would make monthly interest-only payments in an amount of $3,077.07 and identified a maturity date—when all interest and principal would be due—on September 1, 2023. (App. 10.)  The note listed nonpayment of any installment payment as one of several acts of default and provided that, upon default, the entire sum of principal and interest would become immediately due and payable.  (*See* App. 11-13.)  In signing the note, Mr. Anyanka also certified that the loan was "FOR BUSINESS AND COMMERCIAL PURPOSES" and that its proceeds "WILL NOT BE USED PRIMARILY FOR PERSONAL, FAMILY, HOUSEHOLD OR AGRICULTURAL PURPOSES."  (App. 15.)

The deed of trust explicitly provided that it was not a residential mortgage loan under 15 U.S.C. § 1602 and was for "non-occupancy only." (App. 20.)  It further provided that Mr. Anyanka and his "agents, shareholders, members, or

---

[3] As noted, Plaintiffs have not filed a response to Defendant's motion for summary judgment and have presented no evidence.  The undersigned recounts the facts presented by Defendant in its appendix, but in assessing the motion for summary judgment it considers the facts in the light most favorable to the non-moving party, that is, Plaintiffs.

managers shall not occupy this home for the purposes of a primary residence at any time" and that such occupancy would create a default. (App. 20.) The deed of trust allowed the lender, upon buyer's default, to accelerate the amount owed and allowed foreclosure on the property "in accordance with Chapter 51 of the Texas Property Code[.]" (App. 22.) The original lender subsequently assigned the deed of trust to Defendant Capital Fund REIT, LLC, the defendant in this action. (App. 30.)

In October 2023, a notice of default was sent to Mr. Anyanka advising him that a payment was not made for 30 days or more and that the lender reserved its right to initiate the foreclosure process. (App. 33.) It encouraged Mr. Anyanka to contact the lender and advised that payments must be made within 10 calendar days to halt the foreclosure process. (App. 33.) On the same day, Mr. Anyanka was sent a notice of the loan's maturity and a demand for full payment. (App. 35.) On July 30, 2024, a foreclosure notice letter was mailed to Mr. Anyanka. (App. 42.)

## II. LEGAL STANDARDS

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a

reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing Fed. R. Civ. P. 56(e); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, No. 3:15-CV-1326-L, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco*

*Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).  All evidence must be viewed in the light most favorable to the party opposing the summary-judgment motion.  *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

When a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-CV-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).  But the Court is permitted to accept the moving party's evidence as undisputed.  *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990).  "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

"[A] court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468–69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and

the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-CV-0517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020).

### III.  ANALYSIS

Defendant moves for summary judgment on the basis that statutory provisions invoked by Plaintiffs that protect the borrower in a residential mortgage do not apply to the commercial loan that is the subject of this litigation. (*See* Dkt. No. 4 at 1.) Defendant also argues that Plaintiffs' claims under the Texas Property Code are subject to dismissal because the statutory provisions upon which Plaintiffs rely do not provide for a private cause of action based on the alleged violations. (*See id.* at 2.) Defendant advances additional grounds for summary judgment in the alternative and contends that Plaintiffs' request for injunctive relief should be denied because their substantive claims fail.

**A.     Plaintiffs' claim for violations of the Texas Property Code fail because the cited statutory provisions do not apply to a commercial loan.**

Defendant moves for summary judgment on Plaintiffs' claims for violations of the Texas Property Code pertaining to the alleged failure to provide Plaintiffs notice of default and acceleration of the loan. (Br. at 8.) Relying on undisputed evidence that the loan at issue is a commercial loan, Defendant contends that provisions of Texas Property Code § 51.002(d) upon which Plaintiffs rely do not apply to this loan.

Section 51.002(d) of the Texas Property Code requires a mortgage servicer to provide certain notice and a 20-day period within which to cure when "a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence[.]" Tex. Prop. Code § 51.002(d). The provisions of Section 51.002(d), however, do not apply where the property at issue is not the debtor's residence, *see Bethel Apostolic Ministries v. Cap. Fund I, LLC*, No. 3:22-CV-2265-E-BH, 2022 WL 18859315, at *2 (N.D. Tex. Dec. 5, 2022) (citing *Parker v. Frost Nat'l Bank of San Antonio*, 852 S.W.2d 741, 755-45 (Tex. App.—Austin 1993, writ dism'd by agr.)), *accepted* 2023 WL 2699989 (N.D. Tex. Mar. 29, 2023). The undisputed evidence establishes that the parties agreed the debt that is the subject of this lawsuit was for business and commercial purposes, was "not a residential mortgage loan," and was "for non-occupancy only." (Dkt. No. 6 at 15, 20.) There is no evidence that the property is Plaintiffs' residence. Plaintiff Mr. Anyanka was sent a notice of default and, on October 13, 2023, was sent a 10-day demand notice advising him of loan maturity. (Dkt. No. 6 at 33, 35.)

In addition to the inapplicability of § 51.002(d) to the loan at issue, Plaintiff Veronica Anyanka also was not entitled to notice under that provision because she was not a party to the Note and, therefore, is not a debtor under the statute. Defendant's duty to notify "extend[ed] to the parties named on the requisite documents as the debtors, and not to other parties, known or unknown." *See Robinson v. Wells Fargo Bank, NA*, No. 3:20-CV-0601-B, 2021 WL 3912858, at *3

(N.D. Tex. Sept. 1, 2021) (quoting *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (emphasis omitted)). Veronica Anyanka therefore had no right to notice under § 51.022(d) if she was not a debtor, and the undisputed summary judgment evidence establishes that she was not a debtor.

**B.    Plaintiffs' claim for violations of the Truth in Lending Act fail because the summary judgment evidence establishes that Plaintiffs did not receive a consumer loan.**

Plaintiffs allege in the complaint that Defendant violated the Truth in Lending Act ("TILA") by failing to send Plaintiffs periodic statements. (*See* Dkt. No. 1-3 at 12.) Defendant moves for summary judgment on this claim on the basis that Plaintiffs have no TILA claim because the statute applies only to consumer loans, which the instant loan is not. (Br. at 10-11.)

Defendant contends that the duty to provide periodic statements upon which Plaintiffs ground their claim is found at 12 C.F.R. § 1026.41, which compels a subject mortgage servicer to provide regular periodic statements to the consumer that include information such as the amount due, any late payment fee, monthly payment amount, and date of next payment. *See id.* § 1026.41(d).

By its express terms, 12 C.F.R. § 1026.41(a)(1)'s scope is limited to a "closed-end consumer credit transaction secured by a dwelling." The TILA "exempts 'transactions involving extensions of credit primarily for business, commercial, or agricultural purposes.'" *Riviere v. Banner Chevrolet, Inc.*, 184 F.3d 457, 461-62 (5th Cir. 1999) (quoting 15 U.S.C. § 1603(1)). Additionally, it defines a "consumer"

credit transaction as one involving a natural person primarily for "personal, family, or household purposes." *Id.* at 462 (quoting 15 U.S.C. § 1602(i)).

The undisputed summary judgment evidence demonstrates that the loan that is the subject of this litigation was not a consumer loan. In the Note, Celestine Anyanka certified that he was incurring the debt for business and commercial purposes, and he specifically certified that the loan proceeds would not be used primarily for personal, family, household, or agricultural purposes. (App. 15.) Moreover, he acknowledged that he and his affiliates would not occupy the property. (App. 20.) Plaintiffs have adduced no facts that could allow a fact finder to determine that the loan was a consumer transaction to which the TILA would apply, and Defendant therefore is entitled to summary judgment on Plaintiffs' claims brought under the TILA. *Cf. Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, No. 4:10-CV-390-Y, 2010 WL 11619589, at *2 (N.D. Tex. Dec. 16, 2010) (granting summary judgment where transaction documents established that debtor intended to take loan for investment purposes).

**C.    Plaintiffs' claim for breach of contract relating to Texas Property Code § 51.002(b)(3) fails in the absence of evidence of a breach.**

Plaintiffs also advance a breach-of-contract claim against Defendant for failure to provide notice of foreclosure as required by Texas Property Code § 51.002(b) and (d). (Dkt. No. 1-3 at 13-14.) Defendant moves for summary judgment on the basis that the evidence establishes that Defendant complied with the notice provisions of the deed of trust. (Br. at 11.)

Under Texas law, a plaintiff alleging breach of contract must prove "(1) a valid contract existed between the plaintiff and defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach." *Sankaran v. VFS Servs. (USA) Inc.*, 693 S.W.3d 883, 892 (Tex. App.—Houston [14th Dist.] 2024, no pet. h.) (citing *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019)).

Defendant argues that it is entitled to summary judgment because there is no evidence that it breached any duties under the deed of trust or statute. Defendant adduces evidence that, pursuant to the deed of trust, it provided Celestine notice of acceleration of the loan and foreclosure. (App. 33, 35.)[4] Plaintiffs have provided no evidence establishing a disputed fact issue with respect to Defendant's notice. Based of the lack of evidence from which a fact finder could find that Defendant breached a duty under the agreement to provide notice of acceleration and foreclosure, Defendant is entitled to judgment as a matter of law on this claim.

### D. Plaintiffs' claim for breach of contract for failure to provide an accounting fails in the absence of evidence establishing a duty or breach.

Plaintiffs' fourth cause of action asserts breach of contract based on Defendant's failure to account for Plaintiffs' payments as required in the mortgage agreement. (Dkt. No. 1-3 at 14-15.) Defendant moves for summary judgment on the

---

[4] With respect to acceleration, the undersigned observes that the notices of default were sent in October 2023, after the loan had matured by its terms. (*See* App. 10, 33.)

basis that the agreement does not establish a duty requiring Defendant to provide an accounting and there is no evidence of a breach in that manner.

Plaintiffs' complaint provides only conclusory allegations—it does not specify the manner in which Defendant was obligated to account for any payments under the lending agreement, does not clearly allege that Plaintiffs made payments that should have been accounted for in a certain manner, and fails to specify how Defendant actually allotted any payments in violation of the agreements. "Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment." *Bratcher v. AmeriHome Mortgage Co., LLC*, No. 3:23-CV-838-L, 2024 WL 5080250, at *4 (N.D. Tex. Dec. 10, 2024) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)). Because Defendant has pointed to the absence of evidence, it is incumbent upon Plaintiffs at this stage to "identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Id.* Because Plaintiffs cannot rely on their unverified complaint and do not respond to the summary judgment motion, they have not adduced any evidence sufficient to show that Defendant had a duty under the agreements to account for payments in a particular way or breached such duty in the manner in which it actually accounted for any payments. Defendant therefore is entitled to judgment as a matter of law on that claim.

**E.     Because Plaintiffs' substantive claims fail, so too does their request for injunctive relief.**

Defendant moves for summary judgment on Plaintiffs' requests for injunctive relief on the basis that none of the substantive claims withstand summary judgment. Plaintiffs' request for a temporary restraining order and injunction is not a standalone or independent cause of action. *See Ruiz v. Bank of Am., N.A.*, No. 3:18-CV-2707-L, 2020 WL 2101299, at *11 (N.D. Tex. Apr. 30, 2020). Having concluded that Defendant is entitled to judgment as a matter of law on Plaintiffs' substantive claims, Plaintiffs cannot satisfy the requirements for injunctive relief. The undersigned therefore recommends that the District Judge deny Plaintiffs' request for that relief.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned magistrate judge recommends that the District Judge **GRANT** Defendant's motion for summary judgment (Dkt. No. 4), dismiss Plaintiffs' claims with prejudice, and deny Plaintiffs' request for injunctive relief.

**SO RECOMMENDED** on December 23, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).